## GUAJARDO et ux. v. EMERY et al.

### No. 9403.

Court of Civil Appeals of Texas.
San Antonio.
June 20, 1934.

Rehearing Denied July 25, 1934.

W. W. Winslow, of Laredo, for appellants.

N. A. Rector and Mann, Neel & Mann, all of Laredo, for appellees.

MURRAY, Justice.

This suit was originally instituted by N. A. Rector, independent executor and trustee of the estate of Fred W. Werner, deceased, against appellants, J. G. Guajardo and wife, Ignacia G. Guajardo, and appellee William Marks, seeking to recover the amount of principal, interest, and attorney's fees alleged to be due on a certain note for the principal sum of $8,500, signed by Guajardo and wife. Marks, who was the original payee in the note, transferred same by indorsement to the Werner estate. The note was alleged to be secured by a mechanic's or builder's lien, provided for in a certain contract signed by Guajardo and wife, on lots Nos. 5 and 6, in block No. 696 of the city of Laredo, Tex.

Guajardo and wife alleged that said lots 5 and 6 constituted their homestead and were such at the time the note was signed, that Mrs. Guajardo did not acknowledge the builder's lien contract, and that same was therefore void and did not create any lien upon her homestead.

Before the final trial of the cause, N. A. Rector resigned as independent trustee of the estate of Fred W. Werner, deceased, and Harry Emery, who was appointed as independent trustee of said estate, intervened in the cause and was allowed by the court to be substituted as plaintiff.

The trial was before a jury, but at the close of the testimony the trial court instructed a verdict for the full amount sued for in favor of Harry Emery, independent trustee, against William Marks and Guajardo and wife, and for foreclosure of the alleged builder's lien against lots 5 and 6 in block 696. Judgment was also rendered in favor of Marks against Guajardo and wife for any and all sums that he might be required to pay by reason of this judgment. Guajardo and wife present this appeal.

The evidence shows that Guajardo and wife purchased lots 5 and 6, which were unoccupied and unimproved lots, with the intention of building a house thereon and using same as their homestead. They owned no other real estate.

On March 31, 1928, appellants entered into a contract with William Marks for the erection of a two-story house upon these lots. The contract called for the execution of two notes, one of which was in the principal sum of $8,500, secured by a lien on these lots, and is the note involved in this suit.

According to the allegations and proof of appellants, some seven days prior to the execution of this note and contract the plans and specifications for the house had been agreed upon and signed by appellants. Mrs. Guajardo alleged and testified that she did not acknowledge her signature to the building contract before a notary public.

It is appellants' contention that, having purchased these lots in 1922, with the intention of building a house thereon and using the same as their homestead, and having evidenced this intention and made prepara-

tions therefor by agreeing upon the plans and specifications for the house with William Marks, these lots became impressed with the homestead character, and the building contract executed thereafter, not being properly acknowledged by the wife, was void as to any lien attempted to be created against these lots.

The trial court took the case away from the jury and rendered judgment upon an instructed verdict for appellees. This action of the lower court could only be upheld on the theory that these lots were not the homestead of appellants at the time the building contract was signed; otherwise there would have been fact issues which could only be properly decided by the jury. Thus we are confronted with the one important question of homestead, vel non, in these lots at the time the contract was signed.

It is clear that the mere purchasing of unoccupied and unimproved lots with the intention of making them a home is insufficient to constitute them a homestead. Our Constitution, article 16, §§ 50 and 51, provides, in effect, that property used by the family for homestead purposes is exempt from forced sale and can only be incumbered by the written consent of the wife, acknowledged as required by law. Such incumbrance can only be for labor and material used in making improvements on the homestead. This provision has been construed to include property intended for such use where there are overt acts of preparation evidencing a purpose to carry such intention into effect within a reasonable time.

This brings us to the question of whether or not agreeing upon the plans and specifications for the home would be sufficient, or whether it would take the execution of the building contract and notes to establish the homestead character upon these lots. A very similar question was presented in the case of West End Town Co. v. Grigg, 93 Tex. 451, 56 S. W. 49. The Court of Civil Appeals, in passing upon this case in 54 S. W. 904, 906, sustained appellants' contention in this case and held that the preliminary contract was sufficient to establish the homestead right, but the Supreme Court took the opposite view and laid down the rule that no homestead existed prior to the last act by which the transaction was completed.

Following this rule in the case at bar the last act by which the transaction was completed was the signing of the builder's contract and the notes, and prior to that time no homestead existed. The cases of Sproulle v. McFarland (Tex. Civ. App.) 56 S. W. 693, 694 and Cobb v. Collins, 51 Tex. Civ. App. 63, 111 S. W. 760, support this holding.

Appellants having no homestead rights in these lots prior to the completion of the transaction, by the execution of the builder's contract, the acknowledgment of Mrs. Guajardo was not necessary to the validity of the contract and the lien created thereby, and the court below properly instructed a verdict for appellees.

Appellants' assignments of error will be overruled, and the judgment of the lower court affirmed.