## GILMORE v. DENNISON.
### No. 2890.

Court of Civil Appeals of Texas. Beaumont.
Feb. 6, 1936.

Rehearing Denied Feb. 19, 1936.

John T. Kitching, of Beaumont, for appellant.

M. L. Lefler, of Beaumont, for appellee.

WALKER, Chief Justice.

On the 3d day of January, 1935, appellant, J. W. Gilmore, had the constable of precinct No. 1, Jefferson county, levy an execution upon 164½ acres of land situated in Jefferson county, as the property of appellee, A. Dennison, to satisfy judgment in the sum of $302.62 held by appellant against appellee. On his petition alleging that this land was his homestead, the trial court granted appellee an injunction against appellant restraining the execution sale. The homestead character of this property was the only issue made on the trial, the case was tried to the court without a jury, and that issue was found in appellee's favor and judgment accordingly entered, from which this appeal was prosecuted.

The testimony sufficiently supports the trial court's conclusion that at the time the execution was levied the property in issue was the homestead of A. Dennison and his family. On the 11th day of June, 1926, A. Dennison and his wife executed and filed for record an instrument in writing, designating the 164½ acres of land as their homestead. Mr. Dennison testified that at the time of this designation he and his wife made this their homestead, and that it had been their homestead property continuously from that date. He had not lived on the property, there was no house on it, but he had cultivated, used, and rented it and applied the proceeds to the support of his family. We quote as follows from his testimony, questions and answers reduced to narrative:

"My name is A. Dennison. I live in Jefferson County, Texas; I live in Nome. Nome is about five miles from this one hundred and sixty-four acres. I do not own the place I live on. I have no interest in it at all. I rent it. I do not own any other land besides this one hundred and sixty-four acres. I am married. I am living with my wife. I have eight children. My wife is not able to be here today. I have a boy who will be two weeks old Saturday. I do not live on this one hundred and sixty-four and a half acres. I intend to live on that land when I get able to build and I have not lived on it for the reasons I am not able to build, and it is too far from school. The roads is too bad to get the children to school. I have been living in Nome, keeping my children in school. I am a farmer. I farm this one hundred and sixty-four acres at times. I pasture it at other times. I use every bit of the proceeds from this one hundred and sixty-four acres for my family, every bit of it goes for groceries. It is my intention to build on it if I can. The reason I have not built upon it before now is I have not been able. It is the only land I own and the only land I have any interest in. I got that land from my father; my father's estate. * * *

"I never spent a night on this land, to sleep out there, all night long. I never spent a night out there. I have no lumber out there. I have never placed any lumber out there with the intent of building that house. I intend to place lumber out there as soon as I get able. * * *

"I am trying to make a rice crop this year, I am farming below Stowell on that Anahuac road. It's four miles from Stowell and two miles off the road. I am farming portions of the high land. I did not farm any of it last year. John Gilmore farmed it in 1932, he farmed it in rice. I farmed it myself in 1930, no, it was 1929 when I farmed it. The last crop I made on it was in 1929 until this year. I started that crop last year when this levy was made on it. * * *

"I intend to move these small children out on that place and send them two miles to school as soon as I can. They have hopes of building a shell road out there. There may be some other way I can take them if the

shell road isn't built. The little boy three years old—in three years he can go to school. And the little baby two weeks old, he will be coming on, and it will be inconvenient to send them to school. The way the conditions are now, in order to send them to school I would have to take them to the shell road.

"* * * In 1932 I leased the land to Mr. Gilmore. In 1929 I farmed it, and I am farming portions of the high land this year."

It follows that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.