## J. W. GILMORE v. A. DENNISON.

No. 7078. Decided April 27, 1938.
(115 S. W., 2d Series, 902.)

*John T. Kitching,* of Beamont, for plaintiff in error.

Mere intention to occupy premises in the future as a homestead will not constitute said property a homestead, but such intention must be accompanied within a reasonable time with some overt act and conduct evidencing such intent to occupy and use same as a homestead. Karr v. Cockerham, 71 S. W. (2d) 905; Trad v. Califa, 64 S. W. (2d) 402; West End Town Co. v. Grigg, 56 S. W. 49.

*E. B. Votaw* and *M. L. Lefler,* both of Beaumont, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error Gilmore, the owner of a money judgment against defendant in error Dennison, caused an execution to be issued thereon and levied upon 164½ acres of land in Jefferson County as the property of Dennison to satisfy the judgment. Upon the petition of Dennison the district court permanently enjoined the sale of the land under execution upon the ground that same constituted the homestead of Dennison and his family. The Court of Civil Appeals affirmed the trial court's judgment. 91 S. W. (2d) 371.

The sole question presented is whether the evidence raised an issue of fact on the homestead question. The opinion of the Court of Civil Appeals sets out the testimony in narrative form, the substance of which is as follows:

Dennison, in his own behalf, testified that he was married and had eight children; that he was a farmer; that he lived in Nome so that he could send his children to school; that he owned the 164½ acre tract of land and it was the only real estate he owned; that the land was located about five miles from Nome; that he acquired it in 1919; that he had never lived on the land or spent a night there; that it had no improvements on it; that he intended to live on the land when he got able to build a house on it; that he had done nothing toward building a house on the land and had not put any lumber on it for the purpose of building a house; that he had worked the land himself part of the time and leased it part of the time, and that he used all of the rents and revenues from the land to buy groceries for his family. Further evidence was that in 1926 Dennison designated this property as his homestead.

The question presented is not an open one in this jurisdiction. By a long line of decisions, some of which are cited below, the rule has been established that in order to impress upon property a homestead character, in the absence of actual occupancy thereof, there must be an intention by the head of the family to reside upon it with his family as a home, coupled with some overt act of preparation evidencing that intention. Mere intention alone is not sufficient. The effect of Dennison's own testimony is that he intends at some indefinite time in the future to reside upon this property as a home, provided he becomes able to erect improvements thereon. No overt act evidencing that intention was testified to. Such testimony falls short of presenting a fact issue on the homestead question. Lasseter v. Blackwell, (Com. App.) 227 S. W. 944; Silvers v. Welch, 127 Texas 58, 91 S. W. (2d) 686; L. E. Whitham & Co. v. Briggs, Estate, (Com. App.) 58 S. W. (2d) 49; Franklin v. Coffee, 18 Texas 413; Hinton v. Uvalde Paving Co., 77 S. W. (2d) 733 (error refused); Guajardo v. Emery, 73 S. W. (2d) 615 (error refused); Brooks v. Chatham, 57 Texas 31; Nunn on Exemptions, p. 99.

No reason is perceived for remanding the cause for another trial. This opinion is based upon the testimony of defendant in error himself and he has stated fully the facts upon which he bases his claim. It is accordingly our order that the judgments of both the district court and Court of Civil Appeals be reversed and that judgment be here rendered dissolving the injunction.

Opinion adopted by the Supreme Court April 27, 1938.