### SCHMUCK et ux. v. MAYFIELD, Constable, et al.
### No. 11422.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1944.

Rehearing Denied July 12, 1944.

R. M. Bounds, of McAllen, for appellants.
L. J. Polk, of Pharr, for appellees.

NORVELL, Justice.

Appellants, R. M. Schmuck and wife, Mina H. Schmuck, brought this suit against appellees, T. S. Mayfield, Constable of Precinct No. 8, Hidalgo County, Texas, and Security State Bank of San Juan, Texas, seeking a perpetual injunction restraining the constable and the bank from selling under writ of execution, certain real property described as the South twenty acres of Lot No. 120 of the Kelly-Pharr Subdivision of lands in Porciones 69 and 70, Hidalgo County, Texas. The bank claims under a judgment rendered in its favor and against R. M. Schmuck, for the principal sum of $5,389.32. Appellants asserted that the property constituted their homestead.

The case was tried to a jury, but at the conclusion of the taking of the evidence the court instructed the jury to find for appellees, and a judgment that appellants take nothing was rendered.

Two witnesses testified upon the trial below. The testimony of appellant R. M. Schmuck is briefly summarized as follows:

Witness is sixty-eight years of age and has been married forty-three years. In 1929, he purchased the property involved, with the intention of making a home thereon. He now owns no other real estate within the State of Texas and has continually maintained his intention to make his home upon the tract here involved. Schmuck and his wife, however, never lived upon the tract and never erected any buildings thereon. At one time Schmuck did discuss the matter of building a house with a contractor named Harry Bersett. Certain plans were tentatively formulated, but no actual construction was undertaken, except that a proposed driveway was built "up a little bit." This driveway is not in good condition now, although parts of it can still be seen.

At the time of Schmuck's purchase, the land was set to young citrus trees. These have been brought to maturity. Certain

canal banks were leveled and the arable acreage of the tract increased. Schmuck and wife have lived within the City of McAllen ever since they purchased the tract of land involved. At one time they owned a house in McAllen and lived therein. The house was lost through foreclosure proceedings.

The witness Harry Bersett testified that in the fall of 1938 he had some conversation with Schmuck about building a house upon the tract of land here involved.

The evidence was insufficient to take the case to the jury. Under the authorities, the trial court correctly instructed the jury to find for appellees. Article 16, § 51 of the Constitution of Texas, Vernon's Ann. St., Franklin v. Coffee, 18 Tex. 413, 70 Am.Dec. 292; Gilmore v. Dennison, 131 Tex. 398, 115 S.W.2d 902; West End Town Co. v. Grigg, 93 Tex. 451, 56 S.W. 49; Sproulle v. McFarland, Tex.Civ.App., 56 S.W. 693; Guajardo v. Emery, Tex.Civ. App., 73 S.W.2d 615, error refused.

The judgment of the trial court is affirmed.