**SURRATT et al. v. THOMAS et ux.**

No. 4675.

Court of Civil Appeals of Texas. Beaumont.

Sept. 14, 1950.

Rehearing Denied Oct. 11, 1950.

S. A. Crawford, W. C. McClain, Conroe, for appellants.

Pitts & Liles, Conroe, for appellees.

R. L. MURRAY, Justice.

Wood-Treating Chemicals Company, **a** corporation, the appellant here, took a judgment in February, 1949, against A. C. Thomas, et ux., in the sum of approximately $5,000. In January 1950 Wood-Treating Chemicals Company, the owner of the unsatisfied judgment, caused an execution to be issued and placed in the hands of the Sheriff of Montgomery County, Mrs. Fannie Pearl Surratt. She levied upon Lots 5, 6 and 7, in Block No. 5 of Lawndale Park Addition to the City of Conroe./ Upon the petition of the appellees, A. C. Thomas and wife, the District Court of Montgomery County, after a hearing before the court sitting without a jury, enjoined the sale of such lots under the execution. In its judgment enjoining the sale the trial court found that the lots levied upon constituted the homestead of appellees Thomas and wife and were not subject to execution. The Wood-Treating Chemicals Company has perfected its appeal from such judgment.

The appellant's four points upon which it urges this appeal are that the trial court erred in granting an injunction enjoining the sale because (1) there was no evidence of probative value that the lots in question constituted the homestead of appellees; (2) the evidence was insufficient to show the lots in question to be the homestead of appellees; (3) the appellees' intent, if any, to designate the unimproved and unoccupied lots as a homestead was unaccompanied with visible acts of preparation to occupy them; (4) there was no evidence to support the court's finding that in 1947 appellees had removed certain timbers from the lots and had made statements to people that they intended to build their home upon said lots and the trial court erred in so finding.

All of appellant's points are grouped and discussed together in their able brief and they will be so treated here.

The facts upon which the trial court found the lots to be the homestead of appellees, A. C. Thomas and his wife, are as follows: Sometime prior to 1948, appellee A. C. Thomas and a Mr. Cowan bought some acreage on Highway 75 near Conroe and subdivided it into an addition to the City of Conroe, known as Lawndale Park Subdivision, of which the lots in question were a part. After selling a number of these lots Cowan and Thomas, sometime after September 1948, divided among themselves by partition the remaining unsold lots. Thomas received with other lots the three lots in question here. Thomas and his wife own no real estate other than the three lots in question and lived in a rented house in Conroe. The lots are now unimproved and unoccupied and have been since Thomas acquired them. At the time of the trial the lots had much timber and underbrush standing and growing upon them. No building site had been cleared upon which the building could be built and before a building could be built upon the lots it would first be necessary to cut and remove a great number of trees as well as underbrush. No lumber or building material of any kind has has been delivered to said lots. There is no building, tent or any kind of structure on said lots and there is no fence of any kind enclosing them. The appellees are not now financially able to build a residence on the lots and Mr. Thomas does not now have any definite plans to begin immediately the building of a residence on the lots. Prior to March, 1948, appellee made statements to various people that he intended to build a residence for himself on property across Highway 75 from the lots in question but has not made any such statements since March 1948. A short time before Thomas and Cowan partitioned their unsold lots between themselves they executed a note and deed of trust to Mrs. Thomas, wife of A. C. Thomas, covering the three lots in question here and said deed of trust did not contain a homestead designation. The appellees never filed in writing with the Tax Assessor-Collector a designation of these lots as their homestead. In March 1948 Thomas set out or caused to be set out 30 pieces of hedge, totaling forty-five feet in length, upon Lot 5. None of such hedge was to be found on the ground at the time of the trial. Thomas expended the total sum of Twenty-Seven

($27.00) Dollars for work that was done for him on the lots. In March 1948, and after the partition of the lots, the appellees themselves set out the hedge plants and the weather being dry, the appellees themselves hauled water to the location and watered the plants at least a dozen times. Some of the trees and underbrush were cut off the lot in March 1948, at the time the hedge was set out and in 1949 additional underbrush was cut off. The appellee testified that the first time he did anything towards improving the lots was cutting of the larger trees in March 1948, which was done for the purpose of clearing the lots up to build the house. The cutting of trees and pulpwood was not done indiscriminately but the trees which were cut were marked prior to the time of cutting. Thomas gave the pulpwood cutters the pulpwood removed from the lots for their services for removing the trees for pulpwood. Appellee Thomas had lost considerable money because of the failure of the company by which he was employed but he expected to begin construction of a home in four or five months from time of the trial and he had practically completed his plans for the construction of his home but he had had the architect stop working on the plans until he was ready to build.

Counsel for both appellant and appellees are in agreement in regard to the law of this case. They agree that the rule has been well established in Texas that in order to impress upon property a homestead character, in the absence of actual occupancy thereof, there must be an intention by the head of the family to reside upon it with his family, coupled with some overt act of preparation evidencing that intention. See Gilmore v. Dennison, 131 Tex. 398, 115 S.W.2d 902, and cases cited therein. The only controversy before us for decision is whether the acts and statements of Thomas are sufficient to constitute the overt act evidencing his intention to reside upon the property.

The trial court found from the evidence that Thomas owned no other land, that he intended to build his home on the property, and that he did do the various things attributed to him, such as clearing the trees, planting and tending the hedge and having house plans begun. The evidence is sufficient to support these findings of fact and they are conclusive upon us as a reviewing court.

We agree with the conclusion of the trial court that the various things Thomas and his wife did constituted the overt act required by the law to evidence his intent to reside upon the property with his family. The judgment of the trial court is affirmed.

### On Motion for Rehearing

In its able motion for rehearing the appellant says that the appellee began claiming the lots in question as his homestead in September, 1948, and that it was prior to this date that the hedge was set out and timber was cut by the appellee. Since the rule of law, as correctly stated by it, is that in such cases there must be an intent to occupy the land concurring with acts of improvements indicating such intent within a reasonable time to occupy, it argues that the appellee here has not shown that his intention to occupy said property was accompanied by the acts of preparation, showing an unmistakeable intention to occupy. It says that in the present case there is only the cutting of a little underbrush and planting of some hedge prior to having formed any intent to occupy said property as a homestead.

We believe that the appellant in this argument has overlooked the fact that the appellee himself testified that his intent to occupy the land as a home was present at the time he was clearing the trees and underbrush from the lots in March or April of 1948. This being the testimony of the appellee before the trial court, it was an ample showing of the presence of the appellee's intent to occupy at the time he was doing such work. The making of statements to other people of his claim in September, 1948, therefore must be considered only as additional evidence of the existence of an intent by appellees and does not fix as a matter of law, the date of September, 1948, as the beginning point of his intention to occupy.

The motion for rehearing is overruled.