**BOND et ux. v. OWEN et al.**

No. 6297.

Court of Civil Appeals of Texas. Amarillo.
April 20, 1953.

Rehearing Denied May 18, 1953.

———————◆———

Storey & Donaghey, Vernon, for appellants.

J. Q. Smith, Quanah, for appellees.

PITTS, Chief Justice.

This is an appeal from a judgment dissolving a temporary restraining order and denying a temporary injunction. Appellants, L. L. Bond and wife, Ibbie B. Bond, sought a temporary injunction to restrain appellees, M. C. Owen, Sheriff of Hardeman County, Texas, and J. Q. Jackson, from selling under execution certain real estate belonging to appellants on the alleged grounds that such real property constituted the homestead of appellants and was exempt from execution. On April 14, 1952, the trial court, upon application made by appellants, granted them a temporary restraining order without notice to prevent sale of the said property pending a hearing, and the application for a hearing on the question of a temporary injunction was set for a day certain, subject to an extension of the time for such a hearing, and notice thereof was given to appellees. Such hearing, after an extension of time was granted, was held before the trial court without a jury on December 8, 1952, and judgment was rendered on December 18, 1952, dissolving the temporary restraining order previously granted and denying the temporary injunction sought by appellants, from which judgment they appealed.

Appellants predicated their appeal upon one assignment of error stated in the following language:

"The trial court erred in holding as a matter of law that the evidence failed to raise any issue of fact that the plaintiffs had established a homestead upon the property in question."

We have failed to find, after a careful examination of the record, that it supports the contention as made by appellants in their assignment of error. However, the record does reveal that the trial court found and concluded, in effect, that appellants failed to establish their claim of homestead exemption and at the request of appellants it made and filed its findings and conclusions in support thereof.

The evidence reveals that appellants purchased the three tracts of land here involved, composing approximately 67 acres, situated in Hardeman County, Texas, on March 1, 1949, for a consideration of $5500, of which $2000 was paid in cash and vendor's lien notes were executed for the balance in the sum of $3500; that at the time of the trial the notes had been liquidated except for a payment of $250; that on March 10, 1952, appellee, J. Q. Jackson, obtained judgment against appellant, L. L. Bond, in the District Court of Hardeman County for an amount not reflected by the record and caused an execution to be issued for the sale of the said land on May 6, 1952, to satisfy the said judgment; and that the said sale was halted by the proceedings previously herein recited. The evidence further reveals that the family of appellants consists only of themselves and their 14 year old daughter; that none of the members of the family of appellants have ever resided on any of the land in question or cultivated any of it, but since the purchase, it has been continuously rented to others who have cultivated it, while appellants have engaged in farming for the past four years on rented lands in the states of Colorado and South Dakota; that appellants and their daughter have been residing for the past two years in South Dakota on a farm belonging to the parents of L. L. Bond, while B. C. Edwards, an uncle of appellant, L. L. Bond, has rented and cultivated the land in question and Bond's aged grandmother, Mrs. Edwards, lives in a house on the land, rent-free; that appellant, L. L. Bond, has visited the said land occasionally, particularly to see his grandmother, and has made some very minor repairs thereon, such as repairing the barn door; that the fences around the premises are in bad repair; that the record title of the land in question reflects no homestead claim by appellants and no homestead designation or reference to such exists in the office of the County Clerk of Hardeman County, Texas; that the land has been rendered for taxes by appellants each year since they purchased it and in the year of 1950 L. L. Bond, when rendering the same, claimed it as his residence homestead and obtained the benefit of the tax homestead exemption law; that such claim has not since been made by him but that the County Tax Collector has since given him the benefit of such homestead exemption without any further claim thereof having been made; that the taxes for the years of 1950 and 1952 had not been paid on the land; that appellants do not pay any other taxes in Texas and do not own any real property elsewhere.

Appellant, L. L. Bond, testified that he had claimed the land as his homestead since he bought it and was still claiming it as such. He further testified that he intended to move back to Hardeman County, Texas, some day but he gave no testimony to the effect that he ever expected to live on the land in question or occupy it as a homestead. He further testified on cross-examination that he bought the land in question from his uncle, O. G. Edwards, and that the real reason for his buying the said land was to help his uncle, O. G. Edwards, to raise money with which his said uncle could hire attorneys to defend himself against a criminal prosecution and that his uncle, immediately after the sale was consummated, sold the vendor's lien notes and used the proceeds therefrom, together with the cash consideration, for such a purpose.

If appellants failed to establish their right to injunctive relief, it was proper for the trial court to dissolve the temporary restraining order. The rules governing the discretionary powers of the trial court in denying a temporary injunction have been recently stated by this court, with ample authorities cited in support thereof, in the case of Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819. There we held that the granting or refusing of a temporary injunction

is within the sound discretion of the trial court and its action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. We further held that in such cases all evidence must be viewed in a light most favorable to the trial court's judgment and every legitimate presumption consistent with the record must be indulged on appeal in favor of the order denying a temporary injunction. The sole question to be here determined is whether or not the trial court abused its discretion in refusing the temporary injunction.

In the case of Roe v. Davis, Tex.Civ. App., 142 S.W. 950, affirmed 106 Tex. 537, 172 S.W. 708, a homestead question was in issue and it was there held that the burden was upon him who claimed the homestead to establish his claim; that the trial judge, where no jury has been impaneled, is the trier of facts and in passing on the evidence he may consider both the demeanor of a witness and his interest in the subject matter being litigated; that he, as the trier of facts, has considerable discretion in determining the real facts in support of his conclusions. That case has since been many times cited with approval.

Our state Constitution and statutes make provisions for a family homestead under conditions therein expressed. Appellants' claim of homestead rights, according to their own admissions, must rest alone upon an expressed intention as distinguished from actual use or occupancy. Under such circumstances, the intention must be accompanied by some overt acts of the claimant as evidence of his purpose or effort to carry his intention into effect. It has been repeatedly held by our courts of this state that intentions alone are not sufficient to impress upon unoccupied premises the homestead character. Parker v. Cook, 57 Tex.Civ.App. 234, 122 S.W. 419, with numerous authorities there cited. In the case of Connelly v. Johnson, Tex.Civ.App., 259 S.W. 634, such rule was approved and applied notwithstanding the fact that claim-

ant had filed a designation declaring the land in question to be his homestead. The Supreme Court held in the case of Barnes v. White, 53 Tex. 628, that the ordinary mode of designating a homestead is by occupancy and where there has been no previous actual occupancy, there should be at least a bona fide intention to thus dedicate the property, coupled with such acts as would reasonably amount to notice and thus give protection against fraud. In the case of McFarlane v. First Nat. Bank of Orange, Tex.Civ.App., 97 S.W.2d 754, 760, writ refused, the court held that a claim to property and its use as such are both necessary to support a claim of homestead right. The court further said, "Neither use without claim or claim without use will confer the right."

Finally, in the case of Gilmore v. Dennison, 131 Tex. 398, 115 S.W.2d 902, the Supreme Court held, in a very similar case to the one at bar, where it was sought to enjoin an execution sale of land constituting an alleged homestead, that such could not be done, in the absence of actual occupancy thereof, unless there was an intention to make the same a homestead, coupled with some overt acts of preparation evidencing good intentions and that mere intentions alone are not sufficient, although the land had been designated as a homestead. Since no such overt acts were shown to exist in that case, the evidence failed to support the homestead claim and the judgments of both lower courts were reversed and the cause rendered accordingly with numerous authorities cited in support thereof.

Under the evidence here presented and the authorities cited, the trial court was justified in finding that no overt acts were here shown in support of appellants' expressed homestead intentions and that appellants therefore failed to discharge the burden of proof in their efforts to establish their claims of homestead rights. In so finding and concluding the trial court did not abuse its discretion. Its judgment is therefore affirmed.