Jack **T. DAVIS, Appellant,**

v.

**Walter B. McCLURKAN et al., Appellees.**

**No. 3868.**

Court of Civil Appeals of Texas.

Eastland.

April 3, 1964.

Rehearing Denied May 1, 1964.

Robert Buntyn, Denton, for appellant.

Minor & Knight, Robert Weldon Knight, Denton, for appellees.

COLLINGS, Justice.

This suit was brought by Walter B. McClurkan and other plaintiffs against Jack T. Davis, Max Davis and William Davis, seeking to partition a 259 acre tract of land in Taylor County between the record owners. Plaintiffs claimed to be owners of an undivided ⅓rd interest by reason of a sheriff's deed dated December 4, 1962 conveying to them the interest of the said Jack Davis in the land. The sheriff's deed was based upon and under an execution levied upon the land on October 8, 1962. In case the property was found to be incapable of partition in kind, plaintiffs prayed the court to appoint a receiver to have the property sold. Plaintiffs also sought judgment removing the cloud from their title by reason of an affidavit filed of record in Taylor County by defendant Jack

Davis, claiming that the 1/3rd interest owned by him was at the time his homestead.

It was stipulated by plaintiffs and by the defendants, other than Jack Davis, that such defendants were the owners of a 2/3rds undivided interest in the land; that the controversy involved is between plaintiffs and Jack T. Davis concerning the ownership of the remaining 1/3rd interest; that if plaintiffs should prevail they would sell the Jack T. Davis 1/3rd interest to such other defendants who would purchase same at an agreed price of $7,500.00. The trial was before a jury which found in answer to the single special issue submitted that "on October 8th, 1962, the undivided interest of the defendant Jack T. Davis in and to the 259 acre tract of land" was not the homestead of the said Jack T. Davis and family. Based upon the pleadings, the evidence, and the verdict, judgment was entered decreeing that Jack T. Davis had no homestead rights in the land involved at the time execution was levied upon his 1/3rd interest, and that by reason of the sheriff's deed purporting to convey the interest of Jack T. Davis and wife in the land to plaintiffs, said plaintiffs acquired and became vested with an undivided 1/3rd interest therein. Jack Davis has appealed.

Appellant Jack Davis presents one point contending that the court erred in admitting into evidence over his objection certified copies of tax rendition statements certified to by O. N. Segraves, Tax Assessor and Collector of Denton County, which showed that certain real property in the City of Denton, Texas, was rendered in the name of Jack T. Davis, for the years 1961 and 1962, and that a homestead exemption on the property was allowed for both years. Appellant urges that the documents admitted in evidence were ex parte written statements and that there was no evidence to identify or authenticate such statements; that no predicate had been laid for their introduction and no notice given that a certified copy would be used; that such documents constituted hearsay evidence and

appellant was deprived of the right of cross examination.

Appellees contend that the court did not err in admitting such certificates or documents in evidence, urging that same are admissible under Article 3731a, Sections 1 and 3, Vernon's Ann.Tex.Civ.St. Appellees further contend that even if it should be found that it was error to admit such documents in evidence, it was not reversible error; that Rule 434, Texas Rules of Civil Procedure places the burden on appellant to show that any error complained of amounted to such a denial of the rights of appellant that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment and that there is no such showing.

The ultimate issue involved in this case is that of homestead, that is, whether or not on October 8th, 1962, the undivided interest of the defendant, Jack T. Davis, in and to the 259 acre tract of land in question was the homestead of appellee and family. The jury found that it was not. The record shows that appellant Davis filed an affidavit in the deed records of Taylor County claiming such land as his homestead. Appellee by way of answer alleged that on January 5, 1962, he and his wife had executed and filed in the deed records of Taylor County an affidavit designating his 1/3rd interest in the Taylor County land as their homestead; that at the time of executing and filing such affidavit appellant owned no other real property in the State of Texas; that prior and subsequent to the execution and recordation of his homestead affidavit appellant did those acts and made those preparations to enter upon and occupy his designated homestead in accordance with the laws of the State of Texas; that the conveyance of appellant's interest in and to the property in question by the sheriff's deed dated December 4, 1962, was therefore null and void in that it attempted to take from appellant his homestead contrary to the constitution and laws of the State of Texas.

.Bearing upon the question of whether he had established a homestead interest in the land appellant testified in substance as follows: That he had not lived in Taylor County for at least seventeen years, had not lived on or worked any part of the 259 acre tract in question for over twenty years; that he has lived in Denton County, Texas since 1952, and still resided there at the time of the trial, and for a period of ten years has operated a retail bakery business in that city; that he was served with a citation in a suit on debt in excess of $9,-000.00 which suit had been filed by appellees prior to the time that appellant filed his affidavit designating his undivided ⅓rd interest in the 259 acre Taylor County tract of land as his homestead on January 25, 1962, and that he had made no attempt or actual preparation to move on or work said land at the time execution was levied on said Taylor County land, or at the time the deed was executed conveying appellant's interest in the land to appellees, or at the time of the trial. Appellant further testified that on January 25, 1962, when he filed the affidavit designating his undivided interest in the Taylor County land as his homestead he owned a home located at 1705 Carlton Street in the City of Denton in which he and his family then resided; that at the time of the trial he was involved in a law suit in Denton County in which he still claimed an interest in the Denton County home; that in May of 1962, appellant was evicted from his home at 1705 Carlton Street in the City of Denton and thereafter rented a home on Lindsay Street in that city where he and his family resided for a period of two months; that on May 12, 1962, appellant purchased a house and lot at 1013 Edinburg Lane in the City of Denton and he and his family immediately took possession of such premises where they continued to reside until the time of the trial; that when appellant purchased the home at 1013 Edinburg Lane in Denton he assumed the balance owing on a promissory note which was in the original sum of $14,000.00, and provided for monthly payments of $105.00. Appellant further

testified that the 259 acre tract in Taylor County was leased to one Joe Horton until July of 1962, under which lease the usual and customary crop rentals were paid to the owners. Since 1962 the Taylor County land has been worked by Max Davis and William Davis, brothers of appellant, and appellant has received the usual crop rentals according to his interest in the land. At the time of the trial Max Davis and William Davis were continuing to cultivate said tract of land and appellant was in no way connected with such operation but was receiving only his ⅓rd of the customary crop rental. Appellant stated that the only preparation he had made after filing his affidavit designating his ⅓rd interest in the Taylor County land as his homestead on January 25, 1962, up until the time of trial was that he had purchased a tractor, mower and planter for the sum of $300.00, but that such machinery had been at all times since its purchase in January, 1963, located in Denton and had never been located on or used to cultivate the Taylor County land.

The law is well settled in Texas that " * * * in order to impress upon property a homestead character, in the absence of actual occupancy thereof, there must be an intention by the head of the family to reside upon it with his family as a home, coupled with some overt act of preparation evidencing that intention. Mere intention alone is not sufficient." Gilmore v. Dennison, 131 Tex. 398, 115 S.W. 2d 902. It has also been held that a mere collection and use of rents from land claimed as a homestead will not "sustain homestead" of such a claimant. Vaughn v. Vaughn, Tex.Civ.App., 279 S.W.2d 427, (Ref. N.R.E.). Our Supreme Court in Cheswick v. Freeman, 155 Tex. 372, 287 S.W.2d 171, restated the rule announced in Gilmore v. Dennison, supra and held that where a plaintiff testified he intended to make certain property his homestead, but did not place any improvements upon the land prior to moving onto it after levy of execution, and the evidence showed that the plaintiff was not prevented from occupying

said land prior thereto by unavoidable circumstances, and no overt act evidenced his intention to occupy it, the property did not become his homestead prior to the levy of the execution thereon and it would not be exempted from execution sale. In the instant case appellant Jack T. Davis placed no improvements of any nature upon the Taylor County land. He never occupied it but on the contrary was at all times pertinent hereto residing with his family in their home in the City of Denton. His mere intention to occupy the Taylor County land as a homestead at some indefinite future date was not sufficient to raise a fact issue on the question of homestead but on the contrary showed conclusively that the land in question was not his homestead. In this state of the record the error, if any, complained of by appellant in admitting into evidence the documents purporting to be certified copies of the records of the Denton County Tax Assessor and Collector was harmless error within the contemplation of Rule 434, T.R.C.P.

For the reasons stated the judgment is affirmed.