John W. CLARK, Appellant,

v.

Jose Genaro SALINAS and Jose Javier Salinas, Appellees.

No. 1933.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1981.

Rehearing Denied Dec. 17, 1981.

Joseph R. Preston, Office of John W. Clark, P.C., Mission, for appellant.

James S. Bates, Edinburg, for appellees.

Before BISSETT, YOUNG and GONZA-LEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from an order granting a temporary injunction restraining the forced sale of purported homestead property of a single adult man for the satisfaction of a judgment. We affirm.

The events from which this controversy emanates are as follows. Appellant, John W. Clark, has a judgment of $3,715.00 against Jose Genaro Salinas, and as a result of that judgment a writ of execution was issued on property owned by Salinas described as lot 3, Block 4, Alton Heights Subdivision, Hidalgo County, Texas. Salinas brought this action to enjoin the sale claiming the protection of homestead.

Salinas' property consists of a 50 × 135 feet vacant lot located within the city of Alton. He bought the lot in 1975 and has not lived there, has not placed any improvements on it, and has not cut firewood from it during his period of ownership. He testified that he owned no other property, however, and that he claims this lot as his homestead. He further testified that he does construction work, knows how to pour cement for a foundation, and intends to build a house on the lot. In December of 1979, he purchased 1500 cement blocks, some windows and steel bars "to start a house" on his property. He stored the construction materials at his mother's house and then had building plans drawn up.

In January of 1980, Mr. Salinas suffered an injury to his hand which prevented his working. He stated that at the time of trial he was still unable to begin building his home, but that he still intended to do so in the future. The trial court granted Salinas' request for a temporary injunction preventing the sale of his land based upon a finding that the land was Salinas' homestead.

Appellant sets forth only one point of error in which he contends that the trial court erred because the property does not meet the definition of a homestead. As appellant acknowledges, his success in reversing the trial court's ruling on a temporary injunction depends on his showing of a clear abuse of discretion by the trial court. *State v. Friedmann*, 572 S.W.2d 373, 375 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Corpus Christi C.T.A. v. Corpus Christi I.S.D.*, 535 S.W.2d 429, 431 (Tex.Civ.App.—Corpus Christi 1976, no writ). He further points out that the broad discretion of the trial court does not extend,

however, to the erroneous application of law to undisputed facts. *City of Spring Valley v. Southwestern Bell Tel. Co.*, 484 S.W.2d 579, 581 (Tex.1972). The appellant does not quarrel with any of the facts brought forward in the record, rather he contends that the conclusion derived from the application of the law to those facts is incorrect as a matter of law. Consequently, he urges that the trial court abused its discretion through an erroneous application of the law to the facts.

Since November of 1973, the Texas Constitution has provided that, within a city, a homestead for a single adult shall consist of a lot whose value, exclusive of improvements, is not to exceed $10,000.00 and which is used for the purposes of a home or place to exercise the calling of a business. Tex. Const. art. 16 § 51 (Vernon Supp.1980); see also Tex.Rev.Civ.Stat.Ann. art. 3833(a)(3) (Vernon Supp.1980). A homestead is exempt from forced sale for the payment of debts (with certain exceptions not pertinent here). Tex.Const. art. 16 § 50 (Vernon Supp.1980); Tex.Rev.Civ.Stat.Ann. art. 3835 (Vernon Supp.1980).

The proof of a homestead must show use for some purpose of a home, such use as a residence or as a place to cultivate crops or cut firewood for the claimant's personal consumption. *Sims v. Beeson*, 545 S.W.2d 262, 263–64 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). The appellate courts have extended this exemption not only to land which is in actual use for such purposes but also to property which is intended to be used as a homestead in the near future. *Davis v. McClurkan*, 378 S.W.2d 358, 360 (Tex.Civ.App.—Eastland 1964, no writ). But the mere intention to occupy the land at some future date has been held insufficient to impress upon it a homestead character. *Cheswick v. Freeman*, 287 S.W.2d 171, 173 (Tex.1956); *Gilmore v. Dennison*, 115 S.W.2d 902 (Tex. 1938). In the absence of actual occupancy, some overt act of preparation is required to establish the homestead right. *Gilmore v. Dennison*, supra.

In the case before us, appellant argues that the absence of any activity on the land must be equated with an absence of any overt act required for a homestead claim. We disagree with this assertion. The Texas Supreme Court has stated that it requires "some overt act of preparation *evidencing* that intention." (Emphasis supplied). *Gilmore v. Dennison*, supra at 902. In other words, proof of an overt act is necessary to corroborate the claimant's testimony that he did intend to occupy the property as a homestead. *Vaughan v. Sterling Nat'l. Bank & Trust Co.*, 124 S.W.2d 440, 445 (Tex.Civ.App.—El Paso 1938, writ ref'd). Ordinarily, this proof would relate to activities on the land itself. But we see *no reason that preparations conducted off the property to make it his home should not entitle a claimant to the homestead right.* Therefore, the trial court did not abuse its discretion by concluding that the purchase by Salinas of building materials and preparation by him of plans for his home is sufficient evidence of the overt acts required to establish the existence of a homestead. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.