**John W. CLARK, Petitioner,**

v.

**Jose Genaro SALINAS, et al.,
Respondents.**

**No. C-942.**

Supreme Court of Texas.

Feb. 24, 1982.

Joseph R. Preston, Mission, for petitioner.

James S. Bates, Edinburg, for respondents.

PER CURIAM.

John W. Clark sought to foreclose a judgment lien against a lot owned by Salinas. The subject matter of the judgment, out of which the lien arose, bore no relationship to the lot in question.

Salinas claimed the lot as a homestead. He sought and obtained a temporary injunction to enjoin a foreclosure sale. The trial court granted the temporary injunction. The court of appeals affirmed. 626 S.W.2d 118. The writ of error is refused,

no reversable error, because the trial court did not abuse its discretion in granting the temporary injunction to preserve the status quo. *Navarro Auto Park Inc. v. City of San Antonio*, 580 S.W.2d 339 (Tex.1979); *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Anderson v. Tall Timbers Corporation*, 162 Tex. 450, 347 S.W.2d 592 (1961).

As set out more fully in the opinion of the court of appeals, Salinas had purchased the lot and intended to build a house on it as his homestead. He owned no other property. He had plans drawn up and purchased supplies from which to build the house, but he stored them on his mother's lot rather than on his lot. He had intended to build the house himself but was prevented from doing so because of an injury.

We are cited to *Cheswick v. Freeman*, 155 Tex. 372, 287 S.W.2d 171 (1956), *Gilmore v. Dennison*, 131 Tex. 398, 115 S.W.2d 902 (1938), and other cases. The court of appeals went beyond the upholding of the temporary injunction and held as a matter of law that the land had acquired the status of a homestead. It distinguished *Cheswick* and *Gilmore*.

We agree with the court of appeals that there was not an abuse of discretion in granting the temporary injunction to preserve the status quo. We, therefore, do not reach the merits of the case.