

# NUMBER 13-18-00477-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ODMAE PERRON AND DAVID
ALBERT PERRON,                                                    **Appellants,**

**v.**

COX TANK CONSTRUCTION, INC.,                                      **Appellee.**

## On appeal from the 36th District Court
## of Live Oak County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellants Odmae Perron and David Albert Perron appeal a judgment in favor of

appellee Cox Tank Construction, Inc. (Cox). Cox sued appellants to collect on a judgment

and to reverse Odmae's transfer of a piece of real property to her son David. By three

issues, appellants argue that the evidence was legally and factually insufficient to support the jury's findings that: (1) certain property situated in George West, Texas, was not Odmae's homestead; and (2) the transfer of the George West property to David was done with the intent to hinder, delay, or defraud Cox. Appellants also argue that (3) there was reversible error in the jury charge. We affirm.

## I. BACKGROUND

In 1981, Cox hired Odmae. Odmae later became the company's secretary and treasurer. Between 2005 and 2010, Odmae stole approximately $1.1 million from Cox. Cox discovered the theft and fired Odmae in December of 2010.

In 2011, Odmae was indicted for theft of more than $200,000 from Cox, *see* TEX. PENAL CODE ANN. §§ 31.03, 31.09, and Cox brought a civil action against her. At the time of her indictment, Odmae owned properties in Taft, Texas and in George West. The Taft property was Odmae's homestead. During the civil lawsuit with Cox, the trial court entered an order prohibiting Odmae from disposing of any property owned by her, and Odmae requested that the trial court allow her to sell the Taft property because it was her homestead. At a deposition taken in May 2011 in support of that request, Odmae testified that, after the Taft residence was sold, she intended to move to George West in Live Oak County and buy a house within the town limits.[1] In the event she was unable to find a house to buy in George West, Odmae explained that she would either live with her sister or her son. Odmae's son David lived on the George West property subject to this dispute. Odmae further testified that, if she lived with David, it would be temporary. The trial court

---

[1] According to the record, Odmae's George West property is outside of the town's limits.

granted Odmae's request and Odmae then sold the Taft property and moved to George West to live with David.

On October 9, 2012, Odmae pleaded guilty to the criminal charge filed against her. At her punishment hearing on October 11, 2012, Odmae testified:

| | |
|---|---|
| [State]: | Now, prior to selling that home on [Taft], that was your homestead; correct? |
| [Odmae]: | Yes, ma'am. |
| [State]: | Where have you moved your homestead since then? |
| [Odmae]: | George West. |
| [State]: | That land you have? |
| [Odmae]: | Yes. |
| [State]: | Okay. And that was to protect that land from creditors, correct? |
| [Odmae]: | But I haven't homesteaded it. |
| [State]: | You've homesteaded it, correct? |
| [Odmae]: | No. |
| [The Court]: | She said no. |
| [State]: | You have not homesteaded the George West property? |
| [Odmae]: | No. |
| [State]: | And if you are—okay. So, it wasn't your intention to defraud the Coxes an additional time by moving your homestead from [Taft], selling that home for a loss and moving your homestead to George West? |
| [Odmae]: | No. |

The jury assessed Odmae's punishment at twenty-five years' imprisonment.

On May 15, 2014, Cox obtained a judgment in its civil suit against Odmae for $1,145,474.87. On May 28, 2014, Cox recorded an abstract of judgment in the county

3

records of Live Oak County. In July 2014, Odmae filed with the Live Oak County records a "Homestead Affidavit as Release of Judgment Lien." In October 2014, Odmae conveyed the George West property to David.

On August 31, 2015, Cox filed the underlying suit against Odmae stating that Odmae's transfer of the property to David was fraudulent and done with the intent to hinder, delay, and defraud Cox. Cox later amended its petition and included David as a defendant and sought to avoid the transfer of the property to David. The suit was tried before a jury on May 15, 2018.

Odmae was unavailable to testify at trial due to her incarceration. However, Odmae's testimony from her punishment hearing was admitted into evidence, as well as: (1) a transcript from her May 3, 2011 deposition made in support of her request to sell the Taft property as her homestead; and (2) a video of her deposition taken January 26, 2018 for the purpose of this underlying litigation. In the 2018 deposition, Odmae testified:

Q: Now, Ms. Perron, after you sold your house in Taft, where did you move?

A: George West.

Q: Did you own property in George West that you moved to?

A: Yes.

Q: Did you make that property your home?

A: Yes.

Q: Did you live on the property?

A: Yes.

Q: Did that house and property become and continue to be your home until the time you were incarcerated?

A: Yes.

4

Q:      You lived there?

A:      Yes.

Q:      Did you get mail there?

A:      Yes.

Q:      Did friends and family visit you there?

A:      Yes.

Q:      Did you intend for the George West property to be your homestead?

A:      Yes.

Q:      Did you intend—do you intend to go back there after you get out of prison?

A:      Yes.

Q:      Did you file a homestead declaration with the appraisal district in George West?[2]

        . . .

A:      No.

Q:      Why not?

A:      Because they told me I did not need to do it the way I was trying to do it.

Q:      Did that mean that your property taxes would be lower if you didn't claim a homestead exemption?

A:      The way I was trying to do it, she said she would raise my taxes.

Q:      So, you opted not to claim that homestead exemption; correct?

A:      Right.

---

[2] Evidence was introduced that Odmae filed an application for a homestead exemption on the Taft property on February 12, 2010.

Q: When did you do that?

A: That was in two thousand—2011 or 2012.

Q: While you were living there, but before you were incarcerated?

A: Yes.

At that deposition, Odmae also testified that she was truthful when she testified at her punishment hearing and that she remembered telling the prosecutor that the George West property was not her homestead. Furthermore, Odmae testified that she hired an attorney to transfer the George West property to David so that Cox could not collect on the judgment.

The jury found that the George West property was not Odmae's homestead when the abstract of judgment was filed on May 28, 2014, and that the transfer of the property to David was done with the intent to hinder, delay, or defraud Cox. This appeal followed.

## II. EVIDENTIARY SUFFICIENCY

By their first and second issues, appellants challenge the legal and factual sufficiency of the evidence underpinning the jury's findings that the George West property was not Odmae's homestead and that the transfer of the property to David was fraudulent.

### A. Standard of Review

A legal sufficiency challenge will be sustained if (1) there is a complete absence of a vital fact, (2) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) there is no more than a scintilla of evidence proving a vital fact, or (4) the evidence conclusively establishes the opposite proposition of a plaintiff's proffered vital fact. *Marincasiu v. Drilling*, 441 S.W.3d 551, 557 (Tex. App.—

6

El Paso 2014, pet. denied) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005)).

We view the evidence in the light most favorable to the jury's finding, indulging every reasonable inference in the jury's favor. *See id.* Any evidence of probative force supporting a finding requires us to uphold the jury's verdict. *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997). "Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony," and we assume that jurors credited testimony favorable to the verdict and disbelieved testimony contrary to it. *City of Keller*, 168 S.W.3d at 819. We will not disturb a finding if the interpretation of the evidence falls within the zone of reasonable disagreement. *Marincasiu*, 441 S.W.3d at 557; *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758 (Tex. App.—Dallas 2008, no pet.).

In evaluating factual sufficiency, we review the entire record in a neutral light and set aside the trial court's ruling only where it rests on evidence so weak or the finding is so contrary to the great weight and preponderance of the evidence that is shocks the conscience or is manifestly unjust. *See id.*; *Marincasiu*, 441 S.W.3d at 557.

## B. Homestead

### 1. Applicable Law

Homestead properties are afforded special and unique protections under the Texas Constitution. *See* TEX. CONST. art. XVI, § 50; *see also* TEX. PROP. CODE ANN. § 41.002. Texas homesteads are generally exempt from "forced sale, for the payments of all debts," except for eight debts specifically enumerated in the Texas Constitution. *See* TEX. CONST. art. XVI, § 50. If a lien that is not constitutionally permitted is placed on a homestead property, then the lien on the property is void. *Laster v. First Huntsville*

7

*Props. Co.*, 826 S.W.2d 125, 129–30 (Tex. 1991); *Thomas v. Graham Mort. Corp.*, 408 S.W.3d 581, 588 (Tex. App.—Austin 2013, pet. denied). Because constitutional homestead rights protect citizens from losing their homes, courts liberally construe constitutional and statutory homestead provisions to protect the homestead. *Thomas*, 408 S.W.3d at 588.

Whether a piece of real property is an individual's homestead is a question of fact. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 160 (Tex. 2015). Mere ownership of or residing in a house over a period of time alone does not convert a property into a homestead. *Sanchez v. Telles*, 960 S.W.2d 762, 770 (Tex. App.—El Paso 1997, pet. denied). Further, "occupancy of property does not ipso facto make the property a homestead" and "the word 'home' is not necessarily synonymous with 'homestead.'" *Id.* To claim the constitutional protection afforded to homesteads, the party seeking the exemption carries the initial burden of establishing (1) overt acts of homestead usage and (2) the intention to claim the property as a homestead. *Zorrilla*, 469 S.W.3d at 159; *Kostelnik v. Roberts*, 680 S.W.2d 532, 536 (Tex. App.—Corpus Christi–Edinburg 1984, writ ref'd n.r.e.).

"[W]hen the property has not become a homestead at the execution of the mortgage, deed of trust[,] or other lien, the homestead protections have no application even if the property later becomes a homestead." *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987). Once a property is established as a homestead, the burden shifts to the party challenging a homestead claim to prove termination of homestead status by abandonment, alienation, or death. *Zorrilla*, 469 S.W.3d at 160.

**2. Analysis**

Here, there was conflicting evidence of whether Odmae intended to occupy the George West property as her homestead at the time the abstract judgment was filed in 2014. *See Zorrilla*, 469 S.W.3d at 159; *Kostelnik*, 680 S.W.2d at 536; *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314–15 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). The jury heard evidence that, at the time of her punishment hearing on October 10, 2012, Odmae did not intend to occupy the George West property as her homestead and had not intended to do so previously. There is no other evidence indicating her intent to homestead the George West property before the abstract judgment was filed. In contradiction, appellants offered Odmae's deposition testimony from 2018 where she stated that she intended for the George West property to be her homestead since she began living there prior to her punishment hearing. Appellants also pointed to Odmae's filing of her "Homestead Affidavit as Release of Judgment Lien" in 2018. This raised a fact issue as to whether Odmae intended for the George West property to be her homestead at the time the abstract of judgment was filed. *See Francis*, 46 S.W.3d at 241; *see also Lifemark*, 665 S.W.2d at 316 ("As a general rule, evidence given by an interested witness is not conclusive although uncontradicted and presents an issue of fact for determination by the trier of facts.").

Furthermore, Odmae testified in her 2018 deposition that she was truthful at her punishment hearing and that she remembered telling the prosecutor that the George West property was not her homestead. The jurors, as the sole judges of the credibility of the witnesses, were free to resolve any conflict in Odmae's testimony. *See Zorrilla*, 469 S.W.3d at 160; *City of Keller*, 168 S.W.3d at 819–20, 822. The jury could have reasonably

determined that the George West property was not Odmae's homestead when the abstract judgment was filed because she had not intended for that property to be her homestead. *See Zorrilla*, 469 S.W.3d at 159–60; *City of Keller*, 168 S.W.3d at 819–20, 822; *Kostelnik*, 680 S.W.2d at 536.

Viewing the evidence in the light most favorable to the jury's finding and indulging every reasonable inference in the jury's favor, we conclude that the evidence at trial would enable reasonable and fair-minded people to find that the George West property was not Odmae's homestead when the abstract judgment was filed. *See City of Keller*, 168 S.W.3d at 827; *Marincasiu*, 441 S.W.3d at 557; *Sanchez*, 960 S.W.2d at 770; *Kostelnik*, 680 S.W.2d at 536 (concluding that evidence that appellants lived on the real property on which they built a new home was insufficient to support a finding that the property was their homestead). We conclude the evidence is legally sufficient.

We also conclude that the evidence in support of this finding is not so weak or the finding is so contrary to the great weight and preponderance of the evidence that is shocks the conscience or is manifestly unjust. *See Francis*, 46 S.W.3d at 242; *Marincasiu*, 441 S.W.3d at 557; *Sanchez*, 960 S.W.2d at 770. We conclude the evidence is factually sufficient.

We overrule appellants' first and second issues.[3]

---

[3] Appellants' second issue argues that, because the George West property was Odmae's homestead, it is exempt from the Texas Uniform Fraudulent Transfer Act; therefore, there could not have been any evidence of any intent to hinder, delay, or defraud Cox. *See* TEX. CONST. art. XVI, § 50; TEX. BUS. & COMM. CODE ANN. §§ 24.002(2)(B), 24.005; *Duran v. Henderson*, 71 S.W.3d 833, 842–43 (Tex. App.—Texarkana 2002, pet. denied) (noting that "it is well settled that a conveyance of exempt property[, such as a homestead,] may not be attacked on the ground that it was made in fraud of creditors" because "the law has already removed the homestead property from the reach of creditors[; thus,] the conveyance of the property, whether fraudulent or not, does not deprive the creditors of any right they had against the property"). Having concluded that the evidence was legally and factually sufficient to support the jury's finding that the property was not Odmae's homestead, appellants' second issue necessarily fails.

10

## III. JURY CHARGE

By their third issue, appellants argue that the jury charge was erroneous and confused the jury. Specifically, appellants argue that the definition in question one of the jury charge confused the jury about the law regarding homestead.

### A. Standard of Review & Applicable Law

We review a trial court's decision to submit or refuse a particular instruction to the jury for an abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (per curiam); *Ins. Network of Tex. v. Kloesel*, 266 S.W.3d 456, 482 (Tex. App.—Corpus Christi–Edinburg 2008, pet. denied). A trial court must submit such instructions and definitions as shall be proper to enable the jury to render a verdict. *Kloesel*, 266 S.W.3d at 482. An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. *Id.* A trial court has wide discretion to determine the sufficiency of definitions and instructions. *Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 791 (Tex. 1995).

We will not reverse a judgment due to a jury charge error unless the error was reasonably calculated to and probably did cause the rendition of an improper judgment. *Bed, Bath, & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 1995); *see* TEX. R. APP. P. 44.1(a)(1). We review the entire record to determine whether the submission or refusal to submit an instruction probably resulted in an improper judgment. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). "Charge error is generally considered harmful if it relates to a contested, critical issue." *Transcont'l Ins. v. Crump*, 330 S.W.3d 211, 225 (Tex. 2010).

11

**B. Analysis**

Question one of the jury charge stated:

Do you find the George West property was Odmae Perron's homestead on May 28, 2014, when the abstract judgment was filed?

One seeking to establish homestead rights must prove as of the time in question an intention on the part of the owner to claim the property as homestead plus overt acts of concurrent homestead usage.

Appellants argue that, at the time of trial, Odmae had been incarcerated for five years and the definition of homestead in the charge confused the jury because it required overt acts of concurrent homestead usage at a time when Odmae was in jail.

Here, the jury needed to determine whether the George West property was Odmae's homestead on May 28, 2014, because this was when Cox filed the abstract judgment on the property. If the property was Odmae's homestead on that date, then Cox's lien is void. *See Laster*, 826 S.W.2d at 129–30; *Thomas*, 408 S.W.3d at 588.

As discussed above, the definition of homestead in the charge here is consistent with the definition used and established by the Texas Supreme Court. *See Zorrilla*, 469 S.W.3d at 159 ("To claim the constitutional protection afforded to homesteads, Zorrilla carried the initial burden of establishing (1) overt acts of homestead usage and (2) the intention to claim the property as a homestead."). Here, the instruction corresponded with relevant and applicable law, was supported by the evidence, and was sufficient to enable the jury to render a verdict. *See* TEX. R. CIV. P. 277; *Zorrilla*, 469 S.W.3d at 160; *Kloesel*, 266 S.W.3d at 482. We conclude the trial court did not abuse its discretion when it submitted the disputed jury instruction. *See Kloesel*, 266 S.W.3d at 482.

Further, assuming the trial court abused its discretion with the instruction submitted, our review of the record indicates that the alleged error was not reasonably

12

calculated and probably did not cause the rendition of an improper judgment. *See Urista*, 211 S.W.3d at 757. While Odmae was incarcerated at the time the abstract judgment was filed, the arguments of counsel highlighted for the jury that Odmae could have homesteaded the George West property prior to her incarceration and that the property would not have lost its homestead character due to her incarceration. *See Driver v. Conley*, 320 S.W.3d 516, 519 (Tex. App.—Texarkana 2010, pet. denied) ("A homestead is not abandoned merely because a person does not occupy the home during a prison sentence."). Appellants presented evidence of Odmae's overt acts of concurrent homestead usage of the George West property prior to and at the time the abstract judgment was filed through Odmae's 2018 deposition. *See Clark v. Salinas*, 626 S.W.2d 118, 120 (Tex. App.—Corpus Christi–Edinburg 1981, writ ref'd n.r.e.). As discussed above, the contested, critical issue at trial concerned whether Odmae intended to occupy the George West property as her homestead when the abstract judgment was filed. We previously concluded the jury could have reasonably found that the George West property was not Odmae's homestead based on a lack of intent on her part to designate the property as her homestead.

Appellants' third issue is overruled.

## IV. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
30th day of January, 2020.