## EVANS v. EVANS.
### No. 12747.

Court of Civil Appeals of Texas. Fort Worth.
May 7, 1932.

Rehearing Denied May 28, 1932.

Chas. T. Rowland, of Fort Worth, for appellant.

W. L. Coley, of Fort Worth, for appellee.

DUNKLIN, J.

On January 7, 1919, Mrs. Arilla Evans was granted a divorce from her husband, T. O. Evans, on the ground that the defendant had been guilty of cruel treatment, excesses, and outrages toward her of such a character as to render further living with him as his wife insupportable to her. That decree of divorce contained these further provisions:

"It further appearing to the Court that the plaintiff and defendant have two girl children, —— Evans about —— years of age, and —— Evans about —— years of age; that said children are now living with their mother, the said plaintiff; that the plaintiff and the said children now live on and occupy as a homestead a certain 36 acres of land, situated in Tarrant County, Texas, on the White Settlement Road, about one-half mile from the court house of said Tarrant County, and described as follows: (Here follows description of the land). And it appearing to the court that the plaintiff is a proper person to have the care and custody of said children, it is therefore ordered and decreed by the court that the said plaintiff do have and be granted the care and legal custody of said children, and that she have possession of and occupy the said land and premises as her home, which said custody, occupancy and possession of said land and premises shall continue so long as the plaintiff shall remain single, but possession and occupancy of said land shall not be exclusively held by the said plaintiff to the exclusion of the said defendant, Tom Evans, and by this judgment the said defendant, Tom Evans, is hereby granted the right and privilege to visit said children at all reasonable times and places."

At the time that decree was entered, the land therein described was the separate prop-

erty of defendant, T. O. Evans, the same having been inherited from his father, Sam Evans, deceased.

This suit was instituted by T. O. Evans against Mrs. Arilla Evans to set aside and cancel that portion of the decree of court in the divorce suit awarding to Mrs. Arilla Evans the right of possession and occupancy of the land therein described, with a further prayer that the fee-simple title and possession of the property be vested in the plaintiff free of the cloud cast thereon by reason of said judgment.

It was further alleged in the petition that the two minor children mentioned in the divorce decree have long since reached their majority and have married and have ceased to use the land for any purpose; and that for a long time prior to the institution of the suit the defendant had abandoned and ceased to use or occupy the land, or any part thereof, and had removed and destroyed the house and residence situated thereon; by reason of all which the decree of court awarding the defendant the right of occupancy of the land had ceased and no longer is of any legal force or effect. It was further alleged that the decree of court referred to was void.

From a judgment denying him any relief, the plaintiff has prosecuted this appeal.

Upon the trial of the case testimony was introduced showing without controversy the following facts: After the divorce decree was granted, plaintiff and defendant continued to occupy the dwelling house situated on the land in controversy until about October 1, 1930, when plaintiff and defendant by joint deed conveyed a strip of land 100 feet wide across the west end of the land in controversy and upon which the dwelling house theretofore occupied by them stood. That sale was made to Tarrant county for right of way purposes for the Jacksboro and Fort Worth highway, and the consideration paid by the county was $1,157.75, which was divided between the parties, $300 being received by the defendant and the balance by the plaintiff. After that sale the dwelling house was torn down at the instance of the county and the material of which it was constructed was sold and converted by the plaintiff, T. O. Evans. After that house was torn down, plaintiff and defendant rented another dwelling house situated on a lot about 50x150 feet in area adjoining the strip of land which had been sold to Tarrant county for highway purposes, and plaintiff and defendant then moved to said house and have occupied the same ever since up to about the time this suit was instituted, to wit, August 18, 1931. At the time they moved into that house, one of the minor children mentioned in the divorce decree was living with them, but since that time she has married and moved away. The other child mentioned in the decree had married and moved away prior to that time.

Upon the strip of land sold to the county there was a bathhouse, chicken yard, and some other minor improvements of like character which were not removed from the strip after Tarrant county had purchased the same, and which plaintiff and the defendant continued to use for homestead purposes up to about the time this suit was instituted, and the defendant has continued to occupy and use the same as a part of the rented house which she still occupies as a tenant. During all the time the parties have lived together since their divorce the defendant has continued to direct the household affairs as she had done prior to the divorce, doing the cooking, washing and ironing, and caring for the clothing of plaintiff and her children, and contributing to the support of the family out of wages earned by her for personal services rendered to other persons. Ever since the divorce decree the defendant has remained single and unmarried. All of those facts were specially pleaded in defendant's answer to plaintiff's petition. Defendant also by way of cross-action sought a personal judgment against the plaintiff for an amount claimed to be due her on an accounting between the parties, according to which it was alleged that the defendant had contributed more than her pro rata part of the living expenses of the family, and that the plaintiff had appropriated to his own use proceeds of the sales of dirt from the land in controversy and the proceeds of sales realized from the sale of milk and butter, etc. But that cross-action by the defendant was denied by the trial court and no complaint is made here by her of that ruling.

■ Since defendant's cross-action was denied, appellant is in no position to complain of the order overruling his demurrer thereto.

■■ The decree of court with respect to the title to the property in controversy made in the divorce case has not been attacked for fraud, accident, or mistake in its procurement; nor did T. O. Evans appeal therefrom or prosecute a writ of error. And we construe that decree as vesting in the defendant, Mrs. Arilla Evans, a right to possession of the property in controversy jointly with the plaintiff while she remains single; and under the decisions of Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21, and Clark v. Clark (Tex. Civ. App.) 35 S.W.(2d) 189, and Housewright v. Housewright (Tex. Civ. App.) 41 S.W.(2d) 1071, the court was authorized to decree that right in the appellee, notwithstanding the title to the land was the separate property of the husband, T. O. Evans. And it is to be further noted that, as shown by the decree of divorce, the marriage was dissolved on account of the fault of the husband in so cruelly treating the wife as to render it insupportable to her to further live with him.

■ .While it appears from the decree that the right given to appellee to occupy the property as a home was to enable her to care for her two minor children as well as herself, yet her right to such occupancy was not limited to the time during which those children remained with their mother; the only limitation fixed upon her right of occupancy and possession being the time she should remain single.

■ The evidence introduced was fully sufficient to sustain the further finding of the trial court adverse to plaintiff's plea of abandonment by the defendant. Her removal from the dwelling formerly occupied by her was made necessary by reason of the sale of the strip of land to the county for highway purposes. After removal from that house, and while she was occupying the house that was rented adjoining the strip sold to the county, she still continued to use and occupy a portion of that strip for homestead purposes as she had formerly done. The facts and circumstances were sufficient to support a finding that, in moving from the dwelling as originally occupied, she had no intention to relinquish her claim of right of occupancy and possession of the remaining portion of the 36 acres after the sale to the county of the strip for highway purposes.

■ It is well settled that intention is one of the necessary elements of abandonment, and that intention to abandon also involves an intention not to return and reoccupy the property, and that the burden is upon him who relies upon abandonment to plead and prove such intention. 1 Texas Jurisprudence, pp. 10, 11, and 12, and decisions there cited.

■ The divorce decree of course leaves the title to the land in T. O. Evans after the termination of the right of occupancy decreed to the divorced wife.

Accordingly, all assignments of error are overruled, and the judgment of the trial court is affirmed.