**ALLEY v. BARNES et al.**

No. 6487.

Court of Civil Appeals of Texas.
Texarkana.

June 8, 1950.

Rehearing Denied June 29, 1950.

Cornelius & Cornelius, Jefferson, for appellant.

S. I. Cornett, Linden, for appellee.

LINCOLN, Justice.

The plaintiffs in this suit were the heirs at law of S. D. (Sandy) Barnes, and his first wife, Hula Barnes, both deceased. The defendants were Ellen Barnes Lockett, surviving second wife of Sandy Barnes, and her present husband, Will Lockett, and S. T. Barnes and Ruby Hurcel Barnes, children of the marriage of Sandy Barnes and Ellen Barnes. The suit was for partition and division of 160 acres of the James Alley Survey situated in Cass and Marion counties, which said tract was composed of two parcels of 110 acres and 50 acres. A second count in the petition was in trespass to try title to 27 acres out of an 80 acre tract in the James Graham Headright Survey, also situated in Cass and Marion

counties. A third count in the petition was in trespass to try title to 53 acres allegedly being in Cass County. From the judgment of the court awarding partition and division and pronouncing judgment upon the issues involved between the plaintiffs and defendants, there has been no appeal.

During the progress of the suit the appellant as administrator of the estate of Mrs. Due Downey, deceased, of Marion County, intervened and made all the plaintiffs and defendants in the original suit defendants in the plea of intervention. The appellant's intervention was in trespass to try title to an undivided one-half interest in the same 160 acre tract, that is, the 110 acre tract and the 50 acre tract of the James Alley Survey described in plaintiffs' petition. A second count in the intervention alleged that on or about January 14, 1933, the defendants J. D. Barnes, Bessie Pointer, Willie Mae Williams, Grady B. Brannon and Truelove Lockett executed a warranty deed to D. W. Downey, deceased, formerly the husband of Mrs. Due Downey, in which they conveyed to the said D. W. Downey an undivided one-half interest in said 160 acres, but that said deed had become lost and has never been found although diligent search has been made for it. The prayer of appellant was for the title and possession of an undivided one-half interest in said 160 acres. The judgment denied appellant recovery of any interest in the land, from which he takes this appeal.

The above named parties who allegedly executed said deed were among the plaintiffs in the original suit, but are referred to as defendants in the intervention, and when we speak of them as defendants we refer to their position in appellant's plea or petition in intervention.

J. D. Barnes, Bessie Barnes, Willie Mae Barnes, Grady B. Barnes and Truelove Barnes were children of Sandy Barnes and his first wife, Hula. On and prior to January 14, 1933, Bessie Barnes was married to Samuel Pointer, Willie Mae Barnes was married to Curtis Williams, Grady B. Barnes was married to George Brannon and Truelove Barnes was married to Homer Lockett. There were three other children born to Sandy Barnes and Hula Barnes and two children were born to Sandy and his second wife, Ellen Barnes, now Ellen Lockett. The 160 acres referred to was the community property of Sandy and Hula Barnes. Hula died in 1913, intestate, and there was no administration upon her estate. Sandy Barnes and Ellen, his second wife, were married about 1916. After their marriage they acquired the 27 acre tract of the James Graham Survey and the additional 53 acres of said survey.

The trial court filed his findings and conclusions and among them was a finding that on or about January 14, 1933, the five children of Sandy and Hula Barnes above named executed an instrument in form of a deed to D. W. Downey. The court finds in connection with this transaction that at the time of the execution of the instrument the four women who signed the instrument were not joined by their husbands, and for that reason the instrument as to them failed as a conveyance. The evidence is undisputed that the husbands of the four women did not join in the instrument. Appellant in his brief concedes that for this reason the judgment of the court is correct as respects the interest of Grady B. Brannon, Truelove Lockett and Bessie Pointer, and that the appellant was not entitled to recover as against them. Accordingly the judgment of the court as respects these last three defendants in intervention is affirmed.

Appellant, however, insists that as to Willie Mae Williams the judgment is erroneous because the evidence shows that on the date of the alleged deed, January 14, 1933, she was permanently separated from her husband and that this being her separate property it was not necessary for him to join in the conveyance. The trial court specifically refused to find that on that date she was permanently separated from her husband. The evidence is not conclusive that she was so separated. There is ample evidence to support the conclusion or finding that she was not separated from him at that time. The evidence shows that she never requested her husband to join her in the conveyance and

992

that he never refused to join her. There is evidence to show that Willie Mae Williams and Curtis Williams were not separated until 1934. In this state of the record and in view of the trial court's findings, under the statute, Art. 1299, R.C.S., of Texas, it was necessary for her husband to join in such conveyance, and we find no reversible error in the judgment as to the interest of Willie Mae Williams.

■ As to J. D. Barnes, the trial court found that he had previously lived on the 160 acre tract, that a house had been built on that land for him and his wife; that he later moved off of the land and had not lived on it since the early part of 1930. His wife did not join him in the conveyance. Appellant contends that since the interest of J. D. Barnes was his separate property, and was not his homestead, it was not necessary for his wife to join him in the conveyance and that therefore he should have been decreed title to the J. D. Barnes interest. The findings and conclusions do not in express terms hold that it was his homestead on January 14, 1933. There was no request of appellant for such specific finding. The appellant requested a finding that J. D. Barnes had not claimed the land as his homestead since 1930. The court did not make that finding but did make a finding as first above stated. It is the contention of appellant that the facts show an abandonment of his homestead claim. Barnes' testimony is to the contrary. He positively asserts in his evidence that it was his homestead and he claimed it as such on the date he signed the instrument, and that he had not acquired any other homestead. It is our view that the facts found by the trial court and supported by the evidence show that at a time prior to January 14, 1933, the land was the homestead of J. D. Barnes and his wife.

"The presumption is that facts which establish a homestead right continue until the contrary is shown. Lauchheimer & Sons v. Saunders, 97 Tex. 137, 76 S.W. 750. And a person seeking to subject property to his claim on the ground that it has been abandoned has the burden of establishing such abandonment." Postal Savings & Loan Ass'n v. Powell, Tex.Civ. App., 47 S.W.2d 343, 353, writ refused; 22 Tex.Jur., p. 81.

We find the evidence is insufficient to show an abandonment of such homestead. If it was the homestead of J. D. Barnes and had not been abandoned by him and his wife as such then under the provisions of Art. 1300, R.C.S. of Texas, it was necessary for his wife to join in the conveyance and acknowledge such conveyance privily and apart from her husband, without which the purported conveyance failed as such.

■ The trial court additionally found that the instrument which appellant alleged was a deed of conveyance was in fact a mortgage given to secure the payment of a debt for funeral expenses of the grantors' grandmother, Duck McCullough. There is sufficient evidence to support that finding. There is also evidence from which the court might conclude that the debt had been paid. If so, it was not necessary for the court to award a recovery against the grantors for the amount of the debt upon entering decree in favor of appellees.

Other contentions are made by the appellant but in view of what we have said above we do not deem it necessary to enter into a discussion of them. The foregoing sufficiently disposes of all the issues necessary to a determination of the case.

The judgment of the district court is affirmed.