Peter CHESWICK et al., Appellants,

v.

Fred FREEMAN, Appellee.

No. 3296.

Court of Civil Appeals of Texas.

Waco.

Sept. 22, 1955.

Rehearing Denied Oct. 6, 1955.

Peter P. Cheswick, Houston, for appellants.

Bradley & Geren, Groesbeck, for appellee.

McDONALD, Chief Justice.

This suit was brought by Fred Freeman, as plaintiff, to enjoin the sale of a 50 acre tract of land situated in Limestone County, upon which execution had been levied, and which was claimed to be subject to a judgment lien in favor of defendants. Plaintiff contended the land was his homestead, and as such not subject to execution to satisfy a judgment. The Trial Court, without a jury, found that the land was plaintiff's homestead; declared the execution to be null and void; held that the judgment lien as to the 50 acres of land described was void; and granted a permanent injunction restraining the sale of same to satisfy the defendants' judgment.

Defendants appeal, contending that the Trial Court erred in holding that the land involved was plaintiff's homestead. The only question before this court is whether the land was in fact the plaintiff's homestead at the time of the execution, and, as such, exempt from forced sale.

The facts disclosed by the record from which it must be determined whether or not the 50 acres involved constitutes plaintiff's homestead are as follows: Plaintiff's father and mother owned a 67 acre tract of land of which the 50 acres here involved is part, together with a nonadjoining 60 acre tract of land. Plaintiff and his brother were their parents' only children and heirs. Plaintiff's father died in 1941 without a will. Following plaintiff's father's death in 1941 plaintiff and his wife, with plaintiff's mother's consent, made their home on the 67 acre tract and worked the land until 1945. In 1945 plaintiff and wife moved to Waco. In 1949 plaintiff's mother died without a will, after which plaintiff and his brother divided their parents' estate, plaintiff receiving the 50 acre tract here involved as his part, and the brother receiving the 17 acres balance in the 67 acre tract together with the 60 nonadjoining acres. Plaintiff, after acquiring the 50 acres in the 1949 division of property with his brother, intended to move back on it and occupy it and use it as his homestead. Defendants obtained a judgment in Harris County against plaintiff in May 1951, abstracted same in Limestone County in June 1951, and caused execution to be issued in August 1951, levying on plaintiff's 50 acres. Notice was posted by the Sheriff to sell plaintiff's property on 2 October 1951. Plaintiff filed this suit to enjoin such sale on 1 October 1951. Temporary restraining order and temporary injunction were granted, and upon trial on the merits in 1955 the injunction was made permanent. Plaintiff and his wife moved back to the 50 acres on 1 January 1952 and lived there until 1 March 1954, using same as their homestead. On 1 March 1954 plaintiff and wife again moved to Waco to get better employment. Plaintiff and wife had no other home and no other property at any time except his interest in his parents' estate, the 50 acres being such interest upon division of same. Plaintiff paid his poll tax and voted in Limestone County in 1948, 1950, and 1952, and from 1945 intended to return to the 50 acres in Limestone County and occupy it as his homestead, and did so return as above noted on 1 January 1952.

Our courts have given our constitutional and statutory provisions creating and defining the homestead a liberal construction and broad application; and have held that a tenant in common has the

right, subject to coordinate rights of co-tenants, to take possession of land owned in common and use and occupy it as his homestead; and such use and occupancy of the tract as a homstead has the effect to impress the tenant's undivided interest in the common lands with homestead character, and to exempt such undivided interest from forced sale. Temporary absence from a homestead once established, for reasons of economic necessity, does not constitute an abandonment of that homestead where the claimant intends to return. Young v. Hollingsworth, Tex.Civ.App., 16 S.W.2d 844, W/E Refused; Clifton v. W. R. Thompson & Sons, Tex.Civ.App., 100 S.W.2d 392, affirmed 132 Tex. 366, 124 S.W.2d 106.

■ Applying the foregoing rules of law to the facts recited, we hold that plaintiff established a "homestead" in his undivided interest in 1941, when after his father's death, he moved onto the 67 acre tract, made it his home, and cultivated the same.

Further to holding that the homestead exemption may be claimed in property in which the claimant has only an undivided interest, and upon partition, the homestead exemption will be applied to the part set aside to the homestead claimant, our courts hold that the "homestead" character may be impressed in the absence of actual occupancy, if there is an intention by the head of the family to reside upon it with his family as a home, coupled with some overt act of preparation evidencing that intention. Stevenson v. Wilson, Tex.Civ. App., 130 S.W.2d 317, W/E Refused; Clements v. Lacy, 51 Tex. 150; Gilmore v. Dennison, 131 Tex. 398, 115 S.W.2d 902; Vaughan v. Sterling Nat. Bank, Tex. Civ.App., 124 S.W.2d 440, W/E Refused.

■ After plaintiff's mother died in 1949, plaintiff received the 50 acres out of the 67 acre tract as his part in the division of his parents' estate. He intended prior thereto, at that time, and thereafter to move back and occupy it as his homestead. He always considered that his home; he paid his poll tax in Limestone County and voted there; and thereafter did move back onto the 50 acres.

It is our view that if plaintiff had not already acquired a homestead in the 50 acres in 1941 (which we believe he did), that he acquired same in 1949.

From the foregoing it follows that it is our view that the record abundantly supports the Trial Court's finding that the 50 acres here involved was the homestead of plaintiff in June 1951 and in August 1951 at the time of the execution, as well as at all times prior thereto back to 1941, and that as such it was exempt from forced sale.

■ Defendants further complain that the Trial Court's judgment dissolves and annuls the abstract duly filed in Limestone County. We do not so read or interpret the Trial Court's judgment. To us the judgment reads that the judgment lien recorded in Vol. 2, Page 207, *is null and void and of no force and effect as applied and pertaining to the 50 acres of land herein involved.* For clarity's sake, however, the judgment is modified to the extent that *the instrument recorded in Vol. 2, at Page 207 of the Judgment Records of Limestone County, is null and void and cancelled insofar as it pertains to the 50 acres here involved.*

It follows that with the foregoing modification, the judgment of the Trial Court is affirmed.