PETER P. CHESWICK ET AL V. FRED FREEMAN*

No. A-5511. Decided January 25, 1956.
Rehearing overruled February 29, 1956.
(287 S.W. 2d Series 171)

*See Freeman v. Ferguson, post, page 650.

*Peter P. Cheswick,* of Houston, for petitioners.

The Court of Civil Appeals erred in holding that respondent Freeman, established homestead right in the land after either the death of his father or his mother and that there was probative evidence to justify a judgment in his favor in the lower courts. Johnson v. Prosper State Bank, 138 S.W. 2d 1117; Cameron v. Gebhardt, 85 Texas 610, 22 S.W. 1033, 34 Am. St. Rep., 832; Vaughn v. Vaughn, 279 S.W. 2d 427, err. ref. N.R.E.

*Bradley & Green,* of Groesbeck, for respondents.

In reply cited W. R. Thompson Lbr. Co. v. Clifton, 124 S.W. 2d 106, Com. App.; Stevenson v. Wilson, 206 S.W. 2d 613, no writ history.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Petitioner, Louise Freeman, obtained a judgment for money against respondent, Fred Freeman, her former husband, in Harris County in May, 1951, an interest in which judgment she assigned to petitioner Cheswick. The judgment was abstracted in Limestone County the following month, and thereafter an execution issued out of the Harris County court was caused to be levied on fifty acres of land in Limestone County as the property of respondent and notice to sell the property on October 2, 1951, was posted by the sheriff of that county. Respondent filed this suit to enjoin the sale and was awarded first a temporary restraining order, followed by a temporary injunction, which, upon final trial upon the merits, was made permanent. The trial court's judgment was affirmed by the Court of Civil Appeals. 282 S.W. 2d 315.

The sole question for decision is whether the 50-acre tract of land was the homestead of respondent and, as such, exempt from sale under the execution. It is the contention of respondent that the property became his homestead following the death of his father in 1941, or, in the alternative, that it became his homestead following the death of his mother in 1949. The facts bearing on the first contention may be briefly stated as follows: Respondent's father and mother owned a 67-acre tract of land in Limestone County, of which the 50-acre tract in controversy is a part, together with a nonadjacent 60-acre tract. This land was their homestead. The father died intestate in 1941. Following his death, respondent and his wife, with the consent of his mother, lived with her on the 67-acre tract until 1945, when they moved to Waco. In 1949 respondent's mother died intestate, after which he and his brother, her sole heirs, partitioned their parents' estate, respondent receiving as his portion the 50-acre tract here involved and the brother receiving the balance of the 67-acre tract together with the 60-acre tract. Respondent's use and occupancy of the land from 1941 to 1945 were of such nature as would have impressed his interest with the homestead character had the mother not been living at that time.

■ Under the provisions of Section 52, Article XVI, of our State Constitution upon the death of respondent's father this property became the homestead of his mother for her lifetime or so long as she might elect to use or occupy the same as her homestead. She continued to use and occupy the property as her homestead until her death, and no question of abandonment or waiver of her homestead right therein is presented. It is the rule that so long as respondent's mother continued to occupy this property as her homestead her possessory right therein was exclusive and precluded a similar right in her children. This property could not be impressed with two homestead rights at the same time, one in favor of the mother and the other in favor of her son. Massillon Engine & Thresher Co. v. Barrow, Texas Com. App., 231 S.W. 368; Rettig v. Houston West End Realty Co., Texas Com. App., 254 S.W. 765; Johnson v. Prosper State Bank, Texas Civ. App., 125 S.W. 2d 707; affirmed by memorandum opinion, 134 Texas 677, 138 S.W. 2d 1117; Cook v. Young, 269 S.W. 2d 457, no writ history. Nunn on Exemptions, p. 120, correctly states the rule as established by the above authorities in this language:

"* * * The right to the use and occupancy as a homestead in the surviving parent is exclusive and precludes a similar right in the heirs of the deceased so long as such right is exercised by such survivor. And this is true although the heir may be upon the property with the consent of the surviving parent, for such holding cannot attach to the title taken by the heir, in that, the homestead rights of the survivor run to the entire homestead tract and exclude all others."

Respondent relies upon Thompson & Sons Lumber Co. v. Clifton, 132 Texas 366, 124 S.W. 2d 106, as an authority supporting his contention that he acquired a homestead right in this land during the lifetime of his mother. In our view that case affords no support for his position. The question of the right of a child to impress a homestead character upon land which is the homestead of one of his parents was not before the court for decision in that case. The opinion discloses that the parents of the homestead claimant had their home in the city of Mexia, but owned in community 600 acres of land outside of the city. A son resided on a portion of the 600 acres after the death of his mother but before the death of his father, who continued to live in his home in Mexia. Had the parents established a homestead right in the rural property, same would have been limited to 200 acres and claimant might have established a

homestead in the excess, but there was no showing that they ever established such right.

■ This brings us to a consideration of the question of whether the respondent established a homestead right on this property after the death of his mother in 1949. The relevant facts are as follows: In 1945 respondent and his wife moved to Waco. After the death of his mother in 1949 respondent and his brother partitioned the land of their parents, respondent receiving in that partition the 50-acre tract here involved. Petitioners' judgment was abstracted in June, 1951, and execution issued in August of that year. After his mother's death, respondent and his wife continued to live in Waco until January, 1952, when they moved to the land here involved and lived there until March 1, 1954. Respondent testified that he intended at all times to make this tract of land the homestead of himself and family and that he had no property except this little tract of land. He further testified that he paid his poll tax in Limestone County in 1948, 1950, and 1952. His intention to make this property his homestead was not evidenced by any overt acts. He placed no improvements upon the land before returning to live on it in 1952; neither was he prevented from occupying same by unavoidable circumstances. The record would support no conclusion other than that respondent had in mind the intention to make this property his home at some future date, followed by occupancy thereof after the levy of the execution. Before the execution was levied no overt acts evidenced that intention. In our view these facts will not support the holding that this property became the homestead of respondent prior to the levy of the execution. In order to impress upon property a homestead character in the absence of actual occupancy, the head of the family must have intended to reside thereon with his family as a home and that intention must be evidenced by overt acts of preparation. Something must be done which impresses the land with the incidents of a home. Many of the earlier authorities establishing that doctrine are cited in Lasseter v. Blackwell, Texas Com. App., 227 S.W. 944; and many of the later cases are cited in Gilmore v. Dennison, 131 Texas 398, 115 S.W. 2d 902.

In support of his claim that this property was impressed by the homestead character by him after the death of his mother in 1949, and before the levy of the execution in 1951, respondent places much reliance upon Vaughan v. Sterling National Bank & Trust Company of New York, 124 S.W. 2d 440, error refused. In that case the homestead claimants were Mr. and Mrs. Traylor and the property upon which they claimed home-

stead rights was acquired by Mrs. Traylor under the will of her deceased father. It was found that the Traylors formed an intention to move upon the property upon the death of Mrs. Traylor's father, but were prevented from carrying out their intention by the illness of Mr. Traylor. About six months after her father's death the Traylors moved their piano and other furniture to the premises. That case might stand for the proposition that, when it is found that a bona fide intention existed to move upon the property as a home, but the move was delayed on account of the physical inability of the claimant to make same, no overt acts of intention are necessary to impress the property with the homestead character. That condition does not exist in the instant case.

Respondent also relies upon Stevenson v. Wilson, Texas Civ. App., 130 S.W. 2d 317, error refused, and Stevenson v. Wilson, Texas Civ. App., 206 S.W. 2d 613, no writ history. We think it unnecessary to make any further statement concerning those cases than that in that litigation there was testimony of overt acs of preparation performed by the homestead claimant evidencing an intention to occupy the property as a home.

It is our view that the trial court erred in granting the injunction, and that the Court of Civil Appeals erred in affirming the case. Accordingly, the judgments of both courts are reversed and the injunction dissolved.

Opinion delivered January 25, 1956.

Rehearing overruled February 29, 1956.