LOUISE FREEMAN ET AL v. CLARENCE W. FERGUSON,* DISTRICT JUDGE ET AL

No. A-5511. Decided July 11, 1956.
(292 S.W. 2d Series 632)

*See Cheswich v. Freeman this volume page 372.

*Peter P. Cheswick,* of Houston, for petitioners.

*Bradley & Geren,* of Groesbeck, for respondent.

PER CURIAM

Relators have filed in this Court a motion for leave to file a "motion requesting a show cause hearing on complaint in contempt." The ground for the claim that respondents, Judge Clarence W. Ferguson and attorneys Bradley and Geren, are in contempt of this Court is as follows: In the case of Peter P. Cheswick, et al v. Fred Freeman, this volume page 372, 287 S.W. 2d 171, this Court dissolved an injunction which enjoined the sheriff of Limestone County from selling a tract of land under execution. The ground of the injunction was that the land was the homestead of Freeman and, as such, was exempt from sale under execution. Thereafter relators caused an alias execution to be issued and placed in the hands of the sheriff, whereupon the attorneys filed another suit to enjoin its execution by the sheriff and the respondent, Judge Ferguson, granted a writ of temporary injunction.

Respondents have replied to relators' motion, disclaiming any intent whatever to violate any order of this Court. The answer reflects that both the judge and the attorneys have misconstrued the opinion of the court in Cheswick v. Freeman, supra. In their reply the attorneys state that "nowhere in the opinion of the court nor in the mandate is there any statement made that said cause is reversed and rendered and the failure

of the court to state that said cause was 'rendered' has led respondents to believe that the Court is of the opinion respondents to believe that the Court is of the opinion respondents are entitled, as a matter of equity and justice, to another hearing."

■ While this Court did not use the word "rendered" in its opinion, it did actually render judgment against plaintiff, Fred Freeman. The judgment entered upon the minutes of this Court contained the following recitation which is also contained in the mandate: "And this Court proceeding to render such judgment as should have been rendered below, it is considered, adjudged, ordered and decreed that respondent (plaintiff in the district court), Fred Freeman, be, and is hereby, denied the judgment as prayed for in plaintiff's original petition and supplemental petition, and that he recover nothing herein." That was a final judgment decreeing that the land in suit was not the homestead of Freeman and was subject to the first execution which issued. The court did not remand the case for a new trial.

■ While the instant suit for injunction should not have been filed to re-try the issue of homestead, settled by the former suit, and the Honorable District Judge should not have granted the temporary injunction, unless, as contended, there is a fatal mistake in the notice of sale, still we should not adjudge the lawyers in contempt of this Court for filing the suit or the judge for granting the writ. An honest misinterpretation of an opinion of a court is not an act of contempt.

Relators' "motion for leave to file motion requesting Show Cause hearing in contempt" is denied.

Opinion delivered July 11, 1956.