**Tom L. GILL et al, Appellants,**

**v.**

**Nelson QUINN, Attorney, A.P.C., Appellee.**

**No. 5570.**

Court of Civil Appeals of Texas, Eastland.

Feb. 5, 1981.

Charles Dick Harris, Law Offices of Young & Harris, Abilene, for appellants.

Billy John Edwards, Price & Edwards, Abilene, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. Nelson Quinn, Attorney, A.P.C., filed suit against Fort Worth Pipe & Supply Company, Tom L. Gill and Larry S. May to remove cloud from title to property owned by Quinn. Summary judgment was rendered in favor of Quinn against all defendants. All defendants except Fort Worth Pipe & Supply appeal. We affirm.

Russell P. Johnsen and Linda Sue Johnsen transferred title to their home to Nelson Quinn, Attorney, A.P.C., on or about March 12, 1980, as payment for attorney's fees and for other consideration. They had purchased the house and lot, the subject of the instant suit, on July 25, 1977. On or about October 26, 1979, Gill and May took a judgment against Russell P. Johnsen, as reflected by Abstract of Judgment recorded on October 31, 1979. Quinn contended that because of the homestead nature of the property and the fact that the judgment was not the result of purchase money debt, taxes or improvements, the purported judgment lien was wholly void and ineffective but constituted a cloud upon his title. The trial court agreed with such contention and granted summary judgment upon motion by Quinn.

Gill and May argue that the trial court erred in granting summary judgment because there was a genuine issue of material fact raised as to whether or not there had been an abandonment of the homestead prior to sale and because the credibility and genuineness of the affidavits supporting the motion for summary judgment were a disputed issue.

The law as to whether a judgment lien attaches to a homestead is clear. The court in *Hoffman v. Love*, 494 S.W.2d 591 (Tex. Civ.App.—Dallas), writ ref'd n. r. e. per curiam, 499 S.W.2d 295 (Tex.1973), discussing the matter said:

Plaintiffs contend that the homestead exemption is personal and cannot be asserted by a purchaser. We hold that the purchaser has standing to assert that the judgment lien never attached to the property before it was sold to him. The controlling constitutional provision is Vernon's Ann.St.Tex.Const. art. XVI, § 50, which provides in part, as follows:

"The homestead of a family shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon.... No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon ..."

This provision protects the family of a judgment debtor against forced sale of the homestead and renders invalid any lien against it, with only the exceptions stated. Consequently a judgment, though duly abstracted, never fixes a lien on the homestead so long as it remains homestead. The judgment debtor may sell it and pass title free of any judgment lien, and the purchaser may assert that title against the judgment creditor. *Mayers v. Paxton*, 78 Tex. 196, 14 S.W. 568 (1890); *Black v. Epperson*, 40 Tex. 162, 188 (1874); *Johnson v. Echols*, 21 S.W.2d 382 (Tex.Civ.App., Eastland 1929, writ ref'd). Moreover, the exemption has been interpreted as allowing a judgment debtor to sell and dispose of the homestead without restraint. *Mauro v. Lavlies*, 386 S.W.2d 825 (Tex.Civ.App., Beaumont 1964, no writ) ...

Of course, a judgment lien attaches to the judgment debtor's interest if he abandons the property as his homestead before he sells it ...

Quinn had the burden of showing that there is no genuine issue of material fact and that he was entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A(c); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

The summary judgment proof offered by Quinn included the deed from Tommy E. Milliorn, Trustee, to Russell P. Johnsen and wife, Linda Sue Johnsen, covering the subject property dated July 25, 1977; deed covering the same property from the Johnsens to Nelson Quinn, Attorney, A.P.C., effective March 12, 1980; abstracts of judgments against Russell Johnsen by Fort Worth Pipe, Gill and May; and sworn affidavits by Quinn and Russell and Linda Johnsen attesting to the homestead status of the property.

The Johnsen affidavit included:

We were residents of Abilene, Taylor County, Texas, and purchased a house at 4000 North 10th Street, Abilene, Taylor County, Texas, on or about the 1st day of August, 1977. From that date until the 12th of March, 1980, we maintained said home as our homestead. Residing and living at such location as husband and wife with our two children. During such time we promptly made payments of our mortgage payment and resided continuously at such home to a time we moved from Abilene, Texas to Pennsylvania. We sold our home to Nelson Quinn, Attorney, A Professional Corporation for total consideration of $35,000 and (no/100) dollars plus the cancellation of certain indebtednesses due to said Nelson Quinn, Attorney, A Professional Corporation.

That such property at 4000 North 10th Street, Abilene, Taylor County, Texas, also known as and is described as follows, to-wit:

Lot 18–R, replat of Lot 17 and 18, Block D, Section 4, Bel Air Addition, City of Abilene, Taylor County, Texas.

Although Quinn and the Johnsens may be interested witnesses, the court in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979) said:

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

■ The right to a residence homestead in a particular tract of land, having once vested by ownership and use, is presumed to continue until there is affirmative proof of abandonment. *M. H. Lauchheimer & Sons v. Saunders*, 97 Tex. 137, 76 S.W. 750 (1903); *Moorhouse v. Crew*, 273 S.W.2d 654 (Tex. Civ.App.—San Antonio 1954, writ ref'd); *McKenzie v. Mayer*, 20 S.W.2d 238 (Tex.Civ. App.—Waco 1929, no writ).

■ We hold that Quinn established by summary judgment proof the existence of the homestead.

■ Abandonment is an affirmative defense. *San Jacinto Sand Company v. Southwestern Bell Telephone Company*, 426 S.W.2d 338 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The burden of proving both act and intention to abandon property as homestead rests on the person seeking to subject it to forced sale. *First State Bank of Memphis v. Seago*, 120 S.W.2d 951 (Tex.Civ.App.—Amarillo 1938, writ ref'd); *Alley v. Barnes*, 231 S.W.2d 990 (Tex.Civ.App.—Texarkana 1950, no writ).

As stated by the court in *Huffington v. Upchurch*, 532 S.W.2d 576 (Tex.1976):

One who relies upon abandonment has the burden of establishing it. *Gulf Insurance Co. v. Ball*, 324 S.W.2d 605 (Tex.Civ. App.1959, writ ref'd n. r. e.); *Evans v. Evans*, 50 S.W.2d 842 (Tex.Civ.App.1932, writ ref'd). In order to establish abandonment, there must be proof of an intent to relinquish a known right. *Dallas County v. Miller*, 140 Tex. 242, 166 S.W.2d 922 (1943); *Shosid v. Hughes Tool Co.*, 258 S.W.2d 945 (Tex.Civ.App.1953, writ ref'd n. r. e.) . . .

See also *Harris v. O'Connor*, 185 S.W.2d 993 (Tex.Civ.App.—El Paso 1944, writ ref'd w. o. m.); *Evans v. Evans*, 50 S.W.2d 842 (Tex. Civ.App.—Fort Worth 1932, writ ref'd).

■ Although the trial court may not grant summary judgment by default for lack of an answer or response to the motion by nonmovant, with exception of attack on

legal sufficiency of grounds expressly raised by movant in his motion, nonmovant must expressly present to the trial court any reasons seeking to avoid movant's entitlement to summary judgment and must present summary judgment proof when necessary to establish a fact issue. Tex.R. Civ.P. 166–A(c); *City of Houston v. Clear Creek Basin Authority*, supra.

Responding to the motion for summary judgment the affidavit of Gill in substance stated:

At this time (late December or early January) I further discovered that RUSSELL P. JOHNSEN was no longer living in Abilene or in the house which is the subject of the suit at hand.

It is my belief that the property in question was not the homestead of RUSSELL P. JOHNSEN and wife, LINDA SUE JOHNSEN, on or about the 12th day of March, 1980, the date NELSON QUINN, ATTORNEY, A PROFESSIONAL CORPORATION, allegedly purchased said property . . .

■ The affidavit makes no mention of whether or not Linda Johnsen was still living in the home. The record shows that she acknowledged the deed to Quinn in Taylor County. Regardless, mere removal from the homestead does not show abandonment. *Hoffman v. Love*, supra. Abandonment requires both the overt act of discontinued use and intent to permanently do so. *Archibald v. Jacobs*, 69 Tex. 248, 6 S.W. 177 (1887); *Hollifield v. Hilton*, 515 S.W.2d 717 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.).

■ The affidavit of Gill failed to set out facts as would be admissible in court. It failed to overcome the presumption of homestead. Gill and May failed, therefore, to raise a fact issue with respect to the affirmative defense of abandonment. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975); *Oram v. General American Oil Company of Texas*, 513 S.W.2d 533 (Tex. 1974); *Gulf, Colorado & Santa Fe Railway Company v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958).

■ The complaint challenging the credibility and genuineness of the Russell Johnsen affidavits supporting the motion for summary judgment is overruled.

In their response to the motion for summary judgment, Gill and May pleaded:

Defendants further object to the authenticity of the Affidavit of RUSSELL P. JOHNSEN in that the signature thereon is obviously not the same as the signature of this same RUSSELL P. JOHNSEN which appears on a sworn answer filed in Cause No. 13,656–B, in the 104th District Court of Taylor County, on June 4, 1979, said action being one of those which gave rise to the purported Judgment Liens of which the Plaintiff complains. A copy of said sworn answer is attached hereto as Exhibit "A", and incorporated herein for all purposes, and the purported signature of RUSSELL P. JOHNSEN appears therein on Pages 2 and 3.

Johnsen by affidavit in the present suit acknowledged that he did not sign the sworn answer filed on his behalf in Cause No. 13,656–B in the 104th District Court of Taylor County.

Gill and May in support of their contention cite *Cowden v. Bell*, 300 S.W.2d 286 (Tex.1957) and *Smith v. Bolin*, 153 Tex. 486, 271 S.W.2d 93 (1954). Each of said cases cite *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952) for the general proposition that:

The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted . . .

In each of the cited cases, the credibility of the affiant revolved around a disputed fact pertinent to the case on trial. In the instant case, whether Johnsen signed the instrument in Cause No. 13,656–B or someone else forged his name is not a material issue of fact and thus there is no issue of credibility.

We have considered and overrule all points of error.

The judgment is affirmed.