**In re Rebecca Lillian BAKER, Debtor.**

No. 03–50545–RLJ–12.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Sept. 18, 2003.

David R. Langton, Lisa Lynn Hauge, Mullin, Hoard & Brown, Lubbock, TX, for Debtor.

Kara L. Kennedy, Gravley, Wheeler, McCray & Leggett, P.L.L.C., Abilene, TX,

for First National Bank in Munday d/b/a First National Bank—Haskell.

## *MEMORANDUM OPINION AND ORDER*

ROBERT L. JONES, Bankruptcy Judge.

### Preliminary Statement and Facts

First National Bank in Munday d/b/a First National Bank—Haskell (FNB) objects to Rebecca Baker's claim of exempt homestead property to her one-third undivided interest in a 161.5–acre tract in Haskell County, Texas. Ms. Baker's residence is on a 5–acre tract located approximately five miles from the 161.5–acre tract. The 161.5–acre tract was formerly used by Baker as grazing land for cattle. It is presently in the Conservation Reserve Program (CRP). Ms. Baker is recently divorced. Her 21 year old son resides with her. He also occasionally hunts on the 161.5 acre-tract.

Before filing the petition in bankruptcy, Baker entered into a contract for sale of her interest in the 161.5–acre tract. As of the filing of the petition, the sale had not closed. Baker claims this tract, as well as the land used as her residence, as exempt rural homestead property as a single individual entitled to a 100–acre claim.

FNB objects to Baker's claim of exemption to the one-third interest in the 161.5–acre tract. FNB's objection states, "[t]he Bank objects to Debtor's exemptions claimed under Art. 16 §§ 50, 51 and Texas Property Code §§ 41.001 and 41.002. Specifically, Baker is claiming a total of 157[1] acres at two separate locations as exempt homestead which exceeds that allowed by applicable law." At the hearing, FNB argued that Baker's usage (or lack of usage)

of the 161.5–acre tract fails to qualify such tract as homestead.

### Discussion

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A), (B). This Memorandum Opinion contains the court's findings of fact and conclusions of law. FED. R. BANKR.P. 7052 and FED. R. BANKR.P. 9014.

Article XVI § 51 of the Texas Constitution provides: "Sec. 51. The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon." TEX. CONST. ART XVI § 51. The Texas Property Code further defines a rural homestead claimed by a single individual by stating, "(b) [i]f used for the purposes of a rural home, the homestead shall consist of ... (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon." TEX. PROP. CODE ANN. § 41.002 (Vernon 2000). At the hearing, FNB conceded that Baker's one-third interest in the 161.5–acre tract (and her interest in the 5–acre tract) does not exceed the total amount of acreage allowed by law. Instead, FNB submits that the 161.5–acre tract has not been used in such a fashion to justify homestead protection. There is no dispute concerning the rural characterization of the 161.5–acre tract, that Baker makes her claim as a single adult, or that her claim is less than 100 acres.

Bankruptcy Rule 4003 provides that, "[a] debtor shall list the property claimed as exempt ... on the schedule of assets required to be file by Rule 1007.... A party in interest may file an objection to

---

1. The evidence was inconclusive concerning    the actual acreage.

the list of property claimed as exempt.... [T]he objecting party has the burden of proving that the exemptions are not properly claimed." FED. R. BANKR.P. 4003.

■ If the party claiming rural homestead protection resides on a separate tract of land, the uninhabited property must be used in connection with the home tract for the comfort, convenience, or support of the family. *In re Webb*, 263 B.R. 788, 791–92 (Bankr.W.D.Tex.2001); *Cocke v. Conquest*, 120 Tex. 43, 52, 35 S.W.2d 673, 678 (1931); *Brooks v. Chatham*, 57 Tex. 31, 1882 WL 9451, *2 (Tex.1882). In this case, Baker testified that the land has been used for grazing cattle and for hunting. Whether a tract of land is protected homestead property is a question of fact. Texas courts have recognized cattle grazing or hunting, when coupled with some additional usage, as qualifying land as homestead. *In re Kennard*, 970 F.2d 1455, 1458 (5th Cir.1992) ("raising crops and grazing livestock ... clearly establishes that the land was used for homestead purposes ..."); *PaineWebber, Inc. v. Murray*, 260 B.R. 815, 830–32 (E.D.Tex. 2001) (holding land as rural homestead where evidence was presented that debtor chopped wood, *built a duck blind*, irrigated, and farmed or sharecropped the land, and also used land for walking, picnicking, gardening, growing hay, *hunting*, and cutting wood); *Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 676–77 (1931) (imposing rural homestead protection on a non-contiguous tract because the land was used for grazing cattle and farming); *Fajkus v. First Nat. Bank of Giddings*, 735 S.W.2d 882, 884–85 (Tex.App.-Austin, 1987, writ denied) (affirming jury determination of rural homestead protection on a non-contiguous tract because the landowners cleared brush, planted grass, and were grazing cattle on the land).

■ FNB argues that placement of the 161.5–acre tract in the CRP and Baker's subsequent contract for sale divests the land of its homestead protection. In support of FNB's first argument that the CRP arrangement divests the land of its homestead protection, FNB cites several cases holding that a rural homestead does not include non-contiguous tracts of land on which rent houses are located, when the land and house are rented in an arms-length transaction to an unrelated party for use as that party's residence. *See* Memorandum Regarding Objection to Baker's Claim of 161.5 Acre Tract as Exempt, pages 1–2. The holdings in these opinions are grounded on the conclusion that mere economic support through the collection of rent alone, when there is no present right of possession by the homestead claimant, is not sufficient to allow homestead protection. *See In re Webb*, 263 B.R. 788 (Bankr.W.D.Tex.2001); *Haswell v. Forbes*, 8 Tex.Civ.App. 82, 27 S.W. 566, 567 (1894, no writ) (citations omitted). The payment of rent is not the type of "support" that Texas homestead law recognizes as providing "comfort, convenience, or support of the family." *Id.*

The facts of the instant case are distinguishable, however. Under the CRP, Baker is paid for taking the land out of cultivation. Baker is not precluded from all other uses of the land, and Baker is still entitled to possession and control of the 161.5–acre tract. FNB provided no authority, and the court has found no authority, holding that placement of land in the CRP in any way affects the homestead nature of a tract of land.

■ Second, FNB argues that Baker's contract for sale of her undivided interest in the 161.5–acre tract is an event contrary to a homestead claim. *See* Memorandum Regarding Objections to Baker's Claim of 161.5 Acre Tract as Exempt,

pages 1–2. "[A] homestead in a particular tract of land, once it is vested by use, is presumed to continue until there is proof of abandonment." *In re Moore,* 110 B.R. 255, 257 (Bankr.N.D.Tex.1990) (citing *Gill v. Quinn,* 613 S.W.2d 324, 326 (Tex.Civ. App.–Eastland 1981, no writ)). As of the bankruptcy filing, the 161.5–acre tract was subject to an executory contract for sale, contingent upon the buyer obtaining financing through a third party. The sale had not closed at the time of the hearing. This event does not divest the land of its homestead protection because, "[a]n intention or attempt to sell a homestead does not amount to an abandonment as long as the homestead claimants retain possession and have no intent to abandon *unless the sale materializes.*" *Sullivan v. Barnett,* 471 S.W.2d 39, 43 (Tex.1971) (emphasis added) (citations omitted). This is entirely consistent with Texas Property Code § 41.001(c), which exempts proceeds from the sale of a homestead for six months following the sale of the property.

■ Homesteads are to be liberally construed. *See In the Matter of Perry,* 345 F.3d 303 (5th Cir.2003). Baker's usage of the 161.5–acre tract satisfies her burden of establishing homestead. FNB has failed to demonstrate that Baker's homestead rights to the 161.5–acre tract have terminated. *Id.*

### Order

Upon the foregoing, it is hereby ORDERED that FNB's objection to Baker's claim of exemption to her one-third interest in the 161.5–acre tract is denied.