Charles McKEE and Sandra McKee, Appellants,

v.

Steve WILSON d/b/a Mustang Construction, Appellee.

No. 10–04–00052–CV.

Court of Appeals of Texas, Waco.

Aug. 24, 2005.

Jeff Kobs, Mark A. Haney, Kobs & Haney, Fort Worth, J. Clay Roark, Arlington, for appellants.

Brett L. Bigham, John C. Wray, Waxahachie, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

This case arises from a dispute between a building contractor, Steve Wilson d/b/a Mustang Construction (Wilson), and the owners of a house in Waxahachie, Texas, (known as the "Munster Home"), Charles B. McKee and his wife, Sandra K. McKee (the McKees). The trial court found a valid statutory mechanic's lien in favor of Wilson in the amount of $29,087.00 and ordered a judicial foreclosure of the Munster Home property. The McKees appeal this portion of the judgment arguing in a single issue that the trial court erred because there is no written agreement, as required to fix a lien on a homestead. We will affirm the judgment.

## BACKGROUND

Since at least January, 2001, the McKees have lived in their home on Main Street in Waxahachie, Texas, ("Main Street property"). In July, 2001, the McKees orally agreed to have Wilson help design and to build the entire shell[1] of a Victorian-style home based in part on the television show "The Munsters." In October, 2001, a "New Home Contract" and a "Mechanic's Lien Contract" were signed by the McKees and Wilson. Construction of the Munster Home began in November, 2001. During construction, problems arose between the McKees and Wilson regarding the work being done and alleged unauthorized bank draws. It is disputed whether Wilson walked off the project or whether the McKees told Wilson not to return to the project. Wilson ceased working on the Munster Home in February or March, 2002, at which time the shell was almost done except for the roofing and front door, which the McKees completed later. In July, 2002, the McKees sold their Main Street property and began living in the Munster Home. In October, 2002, Wilson filed a mechanic's lien against the McKee's Munster Home property asserting that the McKees owed him money. The trial court found this lien valid and ordered foreclosure to satisfy part of the judgment.

---

1. The shell includes the foundation and the body of the house, including the windows, doors, and roof.

## HOMESTEAD STATUS

■ A family is not entitled to two homesteads at the same time. TEX. CONST., art. XVI, § 51; *Silvers v. Welch*, 127 Tex. 58, 91 S.W.2d 686, 687 (1936); *Achilles v. Willis*, 81 Tex. 169, 16 S.W. 746, 746 (1891). A homestead once established is presumed to continue until there is proof it has been abandoned. *Norman v. First Bank and Trust, Bryan*, 557 S.W.2d 797, 801 (Tex.Civ.App.-Houston [1st Dist.] 1977, writ ref'd. n.r.e.); *Gill v. Quinn*, 613 S.W.2d 324, 326 (Tex.Civ.App.-Eastland 1981, no writ). To establish abandonment of a prior homestead, there must be evidence of an intent not to return to the previous homestead and an intent not to claim a homestead exemption on such property. *Rancho Oil Co. v. Powell*, 142 Tex. 63, 175 S.W.2d 960, 963 (1943); *Burkhardt v. Lieberman*, 138 Tex. 409, 159 S.W.2d 847, 852 (1942). Intention alone is not sufficient to constitute abandonment; overt acts of preparation consistent with such intention are required. *Cheswick v. Freeman*, 155 Tex. 372, 287 S.W.2d 171, 173 (1956).

■ Where no homestead dedicated by actual occupancy exists, effect may be given to ownership, intention and preparation to use for a home; however, if a homestead already exists, it cannot be abandoned while actually being used as the home of a family and at the same time, acquire another homestead by intention at sometime in the future to use this other property as a homestead, even if there is preparation for such use. *See Towery v. Plainview Bldg. & Loan Ass'n*, 99 S.W.2d 1039, 1041 (Tex.Civ.App.-Amarillo 1936, writ ref'd); *Pierce v. Langston*, 193 S.W. 745, 747 (Tex.Civ.App.-Austin 1917, no writ).

In *Towery*, a husband and wife had established homestead rights on their Central Park property long prior to the summer of 1928, and they continued to occupy this property as their homestead until August, 1929, which is the date they moved to their Alabama property.[2] *Towery*, 99 S.W.2d at 1041. They entered into a written agreement with a building contractor in May, 1929, to build a new homestead on their Alabama property. *Id.* The court held that the husband and wife had not acquired homestead rights in the Alabama property at the time of the execution of the building contract and the erection of the building thereunder; thus, whether the written contract with the builder was invalid due to labor and materials being provided prior to the execution of the contract were irrelevant. *Id.* In *Kendall Builders, Inc. v. Chesson*, when considering whether a property was a homestead for purposes of a mechanic's lien, the court looked at the time the property owners entered into the construction contract with the builder. *Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 809 (Tex.App.-Austin 2004, pet. denied).

To fix a lien on a homestead, a written contract is required between the owner and the builder. TEX. PROP.CODE ANN. § 53.254 (Vernon Supp.2004–05).

Here, the trial court found a valid statutory mechanic's lien. The McKee's only argument is that the mechanic's lien is invalid due to non-compliance with section 53.254 because they did not enter into a written agreement with Wilson. They argue that the court should look at the status of the property on the date the lien was filed, at which time the Munster Home property was the McKee's homestead.

2. The court refers to the property as the "Alabama property", but it is not located in the state of Alabama.

Wilson argues that the court should look at the date of the construction agreement to determine the status of the property. He argues that when they made an oral agreement for him to help design and build the shell of the Munster Home, the McKees were occupying their Main Street property as their homestead.

■ Unless the record shows to the contrary, every reasonable presumption must be indulged in favor of the judgment of the trial court. *Hursey v. Thompson*, 141 Tex. 519, 174 S.W.2d 317, 319 (1943). We do not find evidence in the record that the Munster Home property was the McKee's homestead prior to July, 2002, or that the McKees abandoned their Main Street property prior to July, 2002. We do find evidence in the record that the McKees actually occupied the Main Street property prior to July, 2002. We must look at the time of the construction agreements to determine the homestead status of the Munster Home property. *See Towery*, 99 S.W.2d at 1041; *see also Kendall Builders*, 149 S.W.3d at 809. The oral agreement was in July, 2001, and the written agreement was in October, 2001. At these times, the McKees had not abandoned their Main Street property and had not established the Munster Home property as their homestead. Thus, it is irrelevant whether Wilson complied with section 53.254 for purposes of the statutory mechanic's lien found in the judgment against the Munster Home property. We overrule the issue.

## CONCLUSION

We affirm the judgment.

Chief Justice GRAY concurring.