IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00052-CV

 

Charles McKee and Sandra McKee,

                                                                      Appellants

 v.

 

Steve Wilson d/b/a Mustang Construction,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 64814

 



O p i n i o n



 

This case arises from a dispute
between a building contractor, Steve Wilson d/b/a Mustang Construction
(Wilson), and the owners of a house in Waxahachie, Texas, (known as the
“Munster Home”), Charles B. McKee and his wife, Sandra K. McKee (the McKees). 
The trial court found a valid statutory mechanic’s lien in favor of Wilson in the amount of $29,087.00 and ordered a judicial foreclosure of the Munster Home
property.  The McKees appeal this portion of the judgment arguing in a single
issue that the trial court erred because there is no written agreement, as
required to fix a lien on a homestead.  We will affirm the judgment.

BACKGROUND

Since at least January, 2001, the
McKees have lived in their home on Main Street in Waxahachie, Texas, (“Main Street property”).  In July, 2001, the McKees orally agreed to have Wilson help design
and to build the entire shell[1] of
a Victorian-style home based in part on the television show “The Munsters.”  In
October, 2001, a “New Home Contract” and a “Mechanic’s Lien Contract” were signed
by the McKees and Wilson.  Construction of the Munster Home began in November,
2001.  During construction, problems arose between the McKees and Wilson
regarding the work being done and alleged unauthorized bank draws.  It is
disputed whether Wilson walked off the project or whether the McKees told Wilson not to return to the project.  Wilson ceased working on the Munster Home in
February or March, 2002, at which time the shell was almost done except for the
roofing and front door, which the McKees completed later.  In July, 2002, the
McKees sold their Main Street property and began living in the Munster Home. 
In October, 2002, Wilson filed a mechanic’s lien against the McKee’s Munster
Home property asserting that the McKees owed him money.  The trial court found
this lien valid and ordered foreclosure to satisfy part of the judgment.

HOMESTEAD STATUS

A family is not entitled to two
homesteads at the same time.  Tex.
Const., art. XVI, § 51; Silvers v. Welch, 127 Tex. 58, 91 S.W.2d
686, 687 (1936); Achilles v. Willis, 81 Tex. 169, 16 S.W. 746, 746
(1891).  A homestead once established is presumed to continue until there is
proof it has been abandoned.  Norman v. First Bank and Trust, Bryan, 557
S.W.2d 797, 801 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref’d. n.r.e.); Gill
v. Quinn, 613 S.W.2d 324, 326 (Tex. Civ. App.—Eastland 1981, no writ).  To
establish abandonment of a prior homestead, there must be evidence of an intent
not to return to the previous homestead and an intent not to claim a homestead
exemption on such property.  Rancho Oil Co. v. Powell, 142 Tex. 63, 175 S.W.2d 960, 963 (1943); Burkhardt v. Lieberman, 138 Tex. 409, 159
S.W.2d 847, 852 (1942).  Intention alone is not sufficient to constitute
abandonment; overt acts of preparation consistent with such intention are
required.  Cheswick v. Freeman, 155 Tex. 372, 287 S.W.2d 171, 173
(1956).  

Where no homestead dedicated by
actual occupancy exists, effect may be given to ownership, intention and
preparation to use for a home; however, if a homestead already exists, it
cannot be abandoned while actually being used as the home of a family and at
the same time, acquire another homestead by intention at sometime in the future
to use this other property as a homestead, even if there is preparation for
such use.  See Towery v. Plainview Bldg. & Loan Ass’n, 99 S.W.2d
1039, 1041 (Tex. Civ. App.—Amarillo 1936, writ ref’d); Pierce v. Langston,
193 S.W. 745, 747 (Tex. Civ. App.—Austin 1917, no writ).  

In Towery, a husband and wife
had established homestead rights on their Central Park property long prior to
the summer of 1928, and they continued to occupy this property as their
homestead until August, 1929, which is the date they moved to their Alabama property.[2]  Towery,
99 S.W.2d at 1041.  They entered into a written agreement with a building
contractor in May, 1929, to build a new homestead on their Alabama property.  Id.  The court held that the husband and wife had not acquired homestead rights in
the Alabama property at the time of the execution of the building contract and
the erection of the building thereunder; thus, whether the written contract
with the builder was invalid due to labor and materials being provided prior to
the execution of the contract were irrelevant.  Id.  In Kendall
Builders, Inc. v. Chesson, when considering whether a property was a
homestead for purposes of a mechanic’s lien, the court looked at the time the
property owners entered into the construction contract with the builder.  Kendall
Builders, Inc. v. Chesson, 149 S.W.3d 796, 809 (Tex. App.—Austin 2004, pet.
denied).

To fix a lien on a homestead, a
written contract is required between the owner and the builder.  Tex. Prop. Code Ann. § 53.254 (Vernon Supp. 2004-05).

Here, the trial court found a valid
statutory mechanic’s lien.  The McKee’s only argument is that the mechanic’s
lien is invalid due to non-compliance with section 53.254 because they did not
enter into a written agreement with Wilson.  They argue that the court should
look at the status of the property on the date the lien was filed, at which time
the Munster Home property was the McKee’s homestead.

Wilson argues that the court should look at the date of the construction
agreement to determine the status of the property.  He argues that when they
made an oral agreement for him to help design and build the shell of the
Munster Home, the McKees were occupying their Main Street property as their
homestead.

Unless the record shows to the
contrary, every reasonable presumption must be indulged in favor of the judgment
of the trial court.  Hursey v. Thompson, 141 Tex. 519, 174 S.W.2d 317,
319 (1943).  We do not find evidence in the record that the Munster Home property
was the McKee’s homestead prior to July, 2002, or that the McKees abandoned
their Main Street property prior to July, 2002.  We do find evidence in the
record that the McKees actually occupied the Main Street property prior to
July, 2002.  We must look at the time of the construction agreements to
determine the homestead status of the Munster Home property.  See Towery,
99 S.W.2d at 1041; see also Kendall Builders, 149 S.W.3d
at 809.  The oral agreement was in July, 2001, and the written agreement was in
October, 2001.  At these times, the McKees had not abandoned their Main Street property and had not established the Munster Home property as their homestead.  Thus,
it is irrelevant whether Wilson complied with section 53.254 for purposes of
the statutory mechanic’s lien found in the judgment against the Munster Home
property.  We overrule the issue.

CONCLUSION

We affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed August 24, 2005

[CV06]








 









    [1]           The
shell includes the foundation and the body of the house, including the windows,
doors, and roof.





    [2]           The
court refers to the property as the “Alabama property”, but it is not located
in the state of Alabama.








mes"'>Martinez had been previously committed to a mental
institution.  Because those responses
occurred during the punishment phase, it is difficult to imagine how they could
have influenced the plea Martinez had already made.

          Martinez argues that the crime could not have been
aggravated because he was in an ‘altered state of mind’ and now has no memory
of the incident.  However, Martinez pleaded guilty to aggravated robbery and
aggravated assault with a deadly weapon. 
Thus, the record does not support his issue.

          We
find that Martinez has presented no issue of arguable merit based
on the current state of the record.

Independent
Review

          We
have conducted an independent review of the record to discover whether there
are arguable grounds for appeal.  See Stafford v.
State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).  We determine
there are none.  The indictment invoked
the district court’s jurisdiction, and the court assessed punishment within the
statutory range of punishment for the offenses.




CONCLUSION

          Finding
no issue of arguable merit, we affirm the judgment.

 

BILL VANCE

Justice

 

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray dissenting)

Affirmed

Opinion delivered
and filed December 8,
 2004

Do not publish

[CR25]